James N. Penrod (State Bar No. 43030)
Rebecca D. Eisen (State Bar No. 96129 )
L. Julius M. Turman (State Bar No. 226126)
Gregg Paris Yates (State Bar No. 224641)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Tower
San Francisco, CA  94105
Direct:  415.442.1361
Fax:  415.442.1001

Mark S. Dichter, *admitted Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA  19103
Tel:  215.963.5000
Fax:  215.963.5001

Kenneth L. Turnbull, *admitted Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY  10178
Tel:  212.309.6000
Fax:  212.309.6001

*Attorneys for Defendant*
*Morgan Stanley DW, Inc.*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| DAISY JAFFE and DENISE WILLIAMS on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MORGAN STANLEY DW, INC., <br><br> Defendant. | Case No. C-06-3903 TEH <br><br> **NOTICE OF MOTION AND MOTION OF DEFENDANT MORGAN STANLEY DW, INC. TO PLAINTIFFS' CLASS AND SUB-CLASS GENDER DISCRIMINATION CLAIMS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION** <br><br> Date:      December 11, 2006 <br> Time:      10:00 a.m. <br> Dept.:     Courtroom 12 <br> Judge:     Hon. Thelton E. Henderson |

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-SF/7429486.2

Case No.:  C-06-3903 TEH
NOTICE OF MOTION, MOTION TO STAY,
MEMO OF POINTS & AUTHORITIES

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION .................................................................................................2

II.     ISSUE TO BE DECIDED ....................................................................................4

III.    SUMMARY OF FACTS ......................................................................................4

     A.      The D.C. Action...................................................................................4

     B.      The Jaffe Action..................................................................................7

IV.     LEGAL ANALYSIS ............................................................................................8

     A.      The Principles of the "First-to-File" Rule Weigh in Favor of Staying the
         Jaffe Class Claims..............................................................................8

          1.      Sound Judicial Administration Dictates that the D.C. Action
             Proceed and the Jaffe Action Be Stayed.................................9

          2.      The Parties In the D.C. Class And The Jaffe Class Are Substantially
             Similar....................................................................................10

          3.      The D.C. Action is Further Advanced in Addressing the Same Class
             Issues Raised by the Jaffe Action...........................................11

V.      CONCLUSION ...................................................................................................13

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

i

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Alltrade, Inc. v. Uniweld Products, Inc.*,
946 F.2d 622 (9th Cir. 1991) ............................................................ 4, 8, 9, 11

*Charles Schwab & Co. v. Duffy, III*,
1998 WL 879659 *1 (N.D. Cal. 1998) ...................................................9

*District Council 37 Health & Sec. Plan v. McKesson Corp.*,
2006 U.S. Dist. LEXIS 30584 (N.D. Cal. May 11, 2006)..........................10

*Gribin v. Hammer Galleries*,
793 F.Supp. 233 (C.D. Cal. 1992) ................................................... 3, 9

*Peak v. Green Tree Fin. Servicing Corp.*,
2000 U.S. Dist. LEXIS 9711, *4 (N.D. Cal. 2000)...........................8, 11

*Semmes Motors, Inc. v. Ford Motor Co.*,
429 F.2d 1197 (2d. Cir. 1970) ...........................................................8

*Ward v. Follett Corp.*,
158 F.R.D. 645 (N.D. Cal. 1994).....................................................8, 9

*Z-Line Designs, Inc. v. Bell'O International LLC*,
218 F.R.D. 663 (N.D. Cal. 2003).....................................................3, 9

**Statutes**

Cal. Gov't Code § 12940.....................................................................7

M.C.L.A. § 37.2101 ..........................................................................7

Title VII, 42 USC § 2000(e)........................................................4, 7, 12

Case No.:  C-06-3903 TEH
MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO STAY

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

**TO PLAINTIFF DAISY JAFFE AND DENISE WILLIAMS AND THEIR ATTORNEYS OF RECORD:  NOTICE IS HEREBY GIVEN THAT** on December 11, 2006, at 10:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 12 of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, 17th Floor, Defendant Morgan Stanley DW, Inc. will and hereby does move the Court for an Order to Stay Plaintiffs' Class and Sub-class Gender Discrimination Claims.

This Motion to Dismiss is brought pursuant to the first-to-file rule and other equitable and judicial economy considerations.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the Declaration of Mark S. Dichter, the pleadings and papers on file herein, and upon such other matters as may be presented to the Court at the time of the hearing.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

Case No.:  C-06-3903 TEH
MEMORANDUM OF POINTS AND
AUTHORITIES ISO MOTION TO STAY

1   Defendant Morgan Stanley DW, Inc. ("MSDW") respectfully moves this Court for an

2   order staying the class and sub-class claims (Claims 1 through 4) of Plaintiffs Daisy Jaffe

3   ("Jaffe") and Denise Williams ("Williams") because those claims are duplicative of the claims

4   being pursued in a class action pending in the District of Columbia.  The class being represented

5   in the D.C. Action is identical to the class sought to be represented in this case, and the parties in

6   the D.C. Action have been exchanging extensive information and proposals for over 18 months,

7   have agreed upon and implemented some changes to MSDW policies and procedures, and are in

8   the advanced stages of settlement discussions.  The interests of the class will be best served if this

9   action is stayed to allow those settlement discussions to be completed without interference.

10  **I.    INTRODUCTION**

11   Currently pending before the United States District Court for the District of Columbia is

12   the matter of *Augst-Johnson v. Morgan Stanley DW, Inc.,* Case No. 06-C-01142-RWR (D.D.C.)

13   (the "D.C. Action"), a putative class action for gender discrimination brought on behalf of all

14   female Financial Advisors ("FAs") who were employed by MSDW since August 5, 2003.

15   Declaration of Mark S. Dichter ("Dichter Decl.") ¶2, Exhibit ("Ex.") A.  The six named plaintiffs

16   in the D.C. Action are: Joanne Augst-Johnson of Plymouth, Minnesota; Nancy Reeves of

17   Colorado Springs, Colorado; Debra K. Shaw of Hayden, Colorado; Jan Tyler of Denver,

18   Colorado; Cheryl Guistiniano of Gig Harbor, Washington and Rancho Bernardo, California; and

19   Laurie Blackburn of Alexandria, Virginia.  Dichter Decl., Ex. A.  D.C. Class Counsel also

20   represent other charging parties with similar claims against MSDW.  Although the D.C. Action

21   was filed June 22, 2006, the parties have been engaged in extensive exchanges of information and

22   settlement discussions for more than 18 months.  Dichter Decl. ¶5.  As part of pre-filing

23   settlement negotiations the parties entered into tolling agreements in March 2005.  In fact, as

24   described below in more detail, those settlement discussions are ongoing and productive, and the

25   D.C. Action was filed as a protective measure for the class.  Both the D.C. Action and the Jaffe

26   Action are filed on behalf of an identical nationwide class of former and current female FA's,

27   employed by MSDW from August 5, 2003 to the present, and both actions seek monetary and

28   injunctive relief on behalf of the same class of female FAs who have been the subject of extensive

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

2

Case No.:  C-06-3903 TEH
NOTICE OF MOTION, MOTION TO STAY,
MEMO OF POINTS & AUTHORITIES

1   settlement discussions in the D.C. Action for over 18 months.

2          The case before this Court is a putative class action, filed on June 22, 2006 and amended

3   on October 12, 2006, by Plaintiffs Jaffe and Williams alleging gender discrimination on behalf of

4   MSDW's female FAs (the "Jaffee Action").  First Amended Complaint ("Amend. Compl.") ¶¶

5   18-25 & 50-58.  Although the original complaint purported to be brought on behalf of female FAs

6   who worked at MSDW after January 5, 2005, in the amended complaint plaintiffs have adopted,

7   without explanation, the broader time period of the class sought to be represented in the D.C.

8   Action, *i.e.*, female FAs who worked at MSDW after August 5, 2003.  Plaintiffs Jaffe and

9   Williams also assert identical gender discrimination claims on behalf of sub-classes of female

10  FA's in California and Michigan, and they individually assert claims of age and race

11  discrimination, respectively.  Amend. Compl. ¶¶ 31-49 & 67-90.

12         Because the class and sub-class claims in the Jaffe Action are duplicative of claims in the

13  D.C Action, this Court should apply the Ninth Circuit's "first-to-file rule" and stay all class action

14  counts in this matter in order to avoid duplicative litigation on behalf of the same putative class.

15  Under the "first-to-file rule," a district court has the discretion to stay a class action when a

16  similar class complaint is pending in another federal court.  Where, as here, the parties in one of

17  two competing law suits have been engaged in extensive settlement discussions and no such

18  discussions have occurred in the other law suit, courts have recognized that it is a sound exercise

19  of their discretion to stay the action where no settlement discussions have occurred, without

20  regard to which plaintiff may have won the "race to the courthouse."  *See, e.g., Z-Line Designs,*

21  *Inc. v. Bell'O International LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) (granting dismissal of

22  earlier filed case in favor of case filed two days earlier, because doing otherwise "would

23  discourage pre-litigation settlement discussions," and opining that "[a]t a minimum, such a denial

24  would encourage parties…to file a complaint prior to attempting settlement").  The primary

25  inquiry for the courts is "not which action was commenced first, but which will most fully serve

26  the needs and convenience of the parties and provide a comprehensive solution of the general

27  conflict."  *Gribin v. Hammer Galleries*, 793 F.Supp. 233, 235 (C.D. Cal. 1992).  Indeed, "wise

28  judicial administration, giving regard to conservation of judicial resources and comprehensive

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

3

Case No.:  C-06-3903 TEH
NOTICE OF MOTION, MOTION TO STAY,
MEMO OF POINTS & AUTHORITIES

1  disposition of litigation, does not counsel rigid mechanical solution of such problems." *Alltrade,*

2  *Inc. v. Uniweld Products, Inc.,* 946 F.2d 622, 627-28 (9th Cir. 1991).

3      Here, the interests of the class and fairness to all litigants would best be served by

4  applying the first-to-file rule to stay the class claims in the Jaffe Action.  In so doing, class

5  counsel in the D.C. Action can continue to pursue the interests of the identical class sought to be

6  represented in the Jaffe Action, and MSDW will not need to waste time producing documents and

7  information that it has already provided to class counsel in the D.C. Action and dealing with

8  discovery disputes.  Because the District of Columbia is the proper and logical forum for the fair

9  and expedient resolution of these claims, especially given the D.C. Action's more mature stage of

10  proceedings, MSDW respectfully submits that this Court should stay all class and subclass claims

11  in this action.

12  **II.     ISSUE TO BE DECIDED**

13      Whether this Court should stay this putative class action in light of the fact that another

14  putative class action is pending before the U.S. District Court for the District of the District of

15  Columbia with an identical class, duplicative claims, and that has involved over 18 months of

16  exchanges of extensive information and proposals, resulting in substantive changes to MSDW's

17  policies and procedures, and that is in the advanced stages of settlement discussions.

18  **III.    SUMMARY OF FACTS**

19      **A.  The D.C. Action**

20      On June 22, 2006, plaintiffs in the D.C. Action filed a nationwide class action on behalf of

21  all others similarly situated, now pending before Honorable Judge Richard W. Roberts in the

22  United States District Court for the District of Columbia, captioned *Augst-Johnson v. Morgan*

23  *Stanley DW, Inc.*, Case No. 06-C-01142-RWR (D.D.C.).  Dichter Decl. Ex. A.  The D.C. Action

24  covers women employed by MSDW as FA's from August 5, 2003 through the present.  *Id.*, Ex.

25  A., ¶¶ 18-30.  The D.C. Complaint contains, among others, causes of action for gender

26  discrimination on behalf of a nationwide class of female employees, under Title VII, 42 U.S.C.

27  §2000(e) and under parallel state and local laws prohibiting gender discrimination.  *Id.*, Ex A., ¶¶

28  25-30.  Plaintiffs in the D.C. Action seek, *inter alia*, declaratory and injunctive relief as well as

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

4

Case No.:  C-06-3903 TEH
NOTICE OF MOTION, MOTION TO STAY,
MEMO OF POINTS & AUTHORITIES

1   compensatory and punitive damages. *Id.*, Ex. A., Prayer for Relief, ¶¶ 2-6.

2          Long before the filing of the D.C. Action on June 22, 2006, however, the interests of the

3   putative nationwide class of current and former female FA's of MSDW have been represented in

4   intense and extensive settlement negotiations by Mehri & Skalet PLLC, Sprenger & Lang PLLC,

5   and, more recently, Moody & Warner P.C. (collectively, "D.C. Class Counsel"). *Id.* ¶¶2-3. D.C.

6   Class Counsel collectively bring significant experience in litigating large, complex class actions

7   involving employment discrimination issues, including nationwide discrimination class actions

8   against Texaco Inc., The Coca Cola Company, and American Express Financial Advisors. *Id.* at

9   ¶3. D.C. Class Counsel has informed MSDW that in the course of representing the class in the

10  putative D.C. Action, they have interviewed almost 200 class members. Dichter Decl. ¶5. D.C.

11  Class Counsel have informed MSDW that they filed the D.C. Action to protect and preserve the

12  benefits that had already been achieved through the extensive settlement negotiations.

13          The settlement discussions between MSDW and D.C. Class Counsel began in April of

14  2005, when D.C. Class Counsel informed MSDW of their allegations that MSDW engaged in

15  nationwide gender discrimination in the manner and means by which MSDW allegedly

16  systematically, and as a pattern and practice, denies opportunities to its female FAs. Dichter

17  Decl. ¶5. To facilitate these settlement discussions, the parties have entered into a series of

18  tolling agreements, the first of which was in March 2005, tolling the time period within which the

19  plaintiffs in the D.C. Action needed to file individual and class claims of gender discrimination.

20  *Id.* During the course of the settlement negotiations, there have been extensive discussions about

21  the claims of plaintiffs and the class, and extensive exchanges of information concerning

22  company policies and practices relating to those claims, including information on such topics as:

23  account assignments and distributions; compensation; FA movement into management, hiring

24  opportunities and retention; training and development; retirement programs; personnel policies

25  and practices; and MSDW diversity initiatives. *Id.* at ¶7. Further, the parties have identified and

26  discussed industrial psychologists for assistance in implementing settlement terms, some whom

27  already been interviewed by at least one of the parties. *Id.* Significant progress has been made in

28  the settlement negotiations, and, in fact, MSDW has already implemented some of the agreed

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

5

Case No.: C-06-3903 TEH
NOTICE OF MOTION, MOTION TO STAY,
MEMO OF POINTS & AUTHORITIES

1    upon changes to its business practices based upon these settlement negotiations with D.C. Class

2    Counsel. *Id.*

3          To aid with the settlement negotiations, the parties in the D.C. Action have engaged the

4    services of a prominent mediator, Hunter Hughes. *Id.* at ¶4.  Mr. Hughes has successfully

5    mediated several complex, high profile nationwide employment class actions, including class

6    actions brought against The Coca Cola Company, Home Depot, Winn Dixie, Burlington Northern

7    and Boeing Aircraft Company, and Publix Supermarkets. *Id.*  Mr. Hughes has commented

8    publicly, through a June 22, 2006 press release, that the settlement discussions to date in the D.C.

9    Action have been "fruitful" and that the reforms to MSDW's business practices are expected to be

10   "meaningful, novel and far-reaching." *Id.* at ¶6, Ex. B.

11         In light of the advanced stage of the settlement discussions in the D.C. Action, it is in the

12   best interests of the putative class members to allow those discussions to continue without

13   disruption or distraction.  The interests of the putative class members are being aggressively

14   pursued by D.C. Class Counsel, and it would be enormously disruptive and counterproductive to

15   introduce two new law firms into those negotiations that have been ongoing since April of 2005.

16   *Id.*   Once a full settlement is achieved in the D.C. Action, class members, including Plaintiffs

17   Jaffe and Williams, will be notified of the proposed settlement and at that point will have the

18   option of participating in that settlement, objecting to its terms, or opting out of that settlement to

19   pursue their claims individually.

20         Further, Plaintiffs Jaffe and Williams need not delay in pursuing their individual claims of

21   age and race discrimination.  MSDW has informed them that it is prepared to promptly attempt to

22   resolve or, if unable to do so, litigate their individual age and race claims (at least the race claims,

23   wherein all administrative remedies have been first exhausted).[1]  Counsel for Plaintffs Jaffe and

24   Williams have not responded to these overtures.  Dichter Decl. ¶9.

25

26   [1]  In a separate motion, MSDW is moving to dismiss Williams' Title VII race discrimination
     claim because Williams has not been granted a right to sue letter from the Equal Employment
27   Opportunity Commission, a condition precedent to her filing a lawsuit.  However, MSDW has no
     objection to Williams pursuing her race claim under 42 U. S. C. § 1981.
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

6

Case No.:  C-06-3903 TEH
NOTICE OF MOTION, MOTION TO STAY,
MEMO OF POINTS & AUTHORITIES

1

**B.  The Jaffe Action**

2      The Jaffe Action, like the D.C. Action, was filed on June 22, 2006.  It was subsequently

3 amended on October 12, 2006.  Like the D.C. Action, the Jaffe Action purports to assert a

4 nationwide gender discrimination claim against MSDW on behalf of MSDW's current and former

5 female FAs.  The original complaint covered FAs who worked at MSDW on or after January 5,

6 2005, but the Amended Complaint adopts, without explanation, the class period from the D.C.

7 Action, *i.e.*, from August 5, 2003 through the present.  Amend. Compl. ¶¶ 18-30.  Like the D.C.

8 Action, Plaintiffs in the Jaffe Action seek, *inter alia*, declaratory and injunctive relief, as well as

9 compensatory and punitive damages under Title VII,  42 U.S.C. §2000(e) and under parallel state

10 laws.  (M.C.L.A. §37.2101 and Cal. Gov't Code §§ 12940 *et seq.*)  Amend. Compl., Prayer for

11 Relief, ¶¶ 98-104.[2]

12      Although the claims in the Jaffe Action and the D.C. Action are virtually identical, there is

13 one significant difference.  In stark contrast to the over 18 months of extensive settlement

14 discussions in the D.C. Action, plaintiffs in the Jaffe Action did not have any discussions with

15 MSDW before racing to court and filing their complaint on June 22, 2006.  Indeed, whereas D.C.

16 Class Counsel has made significant progress in representing the interests of the putative class,

17 almost 200 of whom, as noted above, have already been interviewed, no such progress has been

18 made in the Jaffe Action.  Similarly, whereas the D.C. Action has already been through

19 significant and advanced settlement negotiation with expert mediation assistance, and policy

20 changes have been implemented as a result of those discussions, and extensive information has

21 been exchanged and analyzed by experts, no such progress has been made in the Jaffe Action.

22 Although Plaintiffs' counsel in the Jaffe Action has tried to disguise the real significant

23 differences in the procedural posture of the two cases by quickly propounding improper discovery

24 demands – even before the First Amended Complaint is required to be answered – the Jaffe

25

26

27

28

---

[2]  The Jaffe Action also contains claims for sub-classes under California (Cal. Gov't Code §§ 12940 *et seq.*) and Michigan law (M.C.L.A. §37.2101), for the period of November 1, 2004 to the present and December 13, 2005 to the present, respectively.  Amend. Compl. Ex A., ¶18.  These purported sub-classes in the Jaffe Action are completely subsumed by the nationwide class alleged in the D.C. Action.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

7

Case No.:  C-06-3903 TEH
NOTICE OF MOTION, MOTION TO STAY,
MEMO OF POINTS & AUTHORITIES

1    Action is truly at its infancy.

2    **IV.    LEGAL ANALYSIS**

3        **A.    The Principles of the "First-to-File" Rule Weigh in Favor of Staying the Jaffe**
         **Class Claims.**

4

5        It is well established that under the first-to-file rule, a district court may dismiss or stay a

6    class action when the same class is being represented in another district court. *Peak v. Green*

7    *Tree Fin. Servicing Corp.*, 2000 U.S. Dist. LEXIS 9711, *4 (N.D. Cal. 2000) (granting

8    defendant's motion, the court invoked the first-to-file rule and dismissed a second putative class

9    action where another pending class action involved substantially similar claims and parties)

10   (citing *Alltrade,Inc. v. Uniweld Products, Inc.*, 946 F.2d 622 (9th Cir. 1991)). The Ninth Circuit

11   Court of Appeals has expressly noted that "[t]he first-to-file rule was developed to 'serve [ ] the

12   purpose of promoting efficiency well and should not be disregarded lightly.'" *Alltrade,* 946 F.2d

13   at 625. S*ee also Semmes Motors, Inc. v. Ford Motor Co.*, 429 F.2d 1197, 1202-03 (2d. Cir. 1970)

14   (reversing district court's refusal to stay second-filed action pursuant to general rule that the first

15   of two duplicative actions should take precedence).

16       Under the first-to-file rule, a district court may, in its discretion, stay a later-filed case

17   once three simple requirements are met:

18       (1)    Chronology (*i.e.*, the case that will be transferred, stayed or dismissed must
                be the second case filed);

19

20       (2)    Similarity of parties (*i.e.*, the parties are the same); and

21       (3)    Similarity of issues (*i.e.*, the issues in the cases are the same).

22   *Alltrade, supra*, 946 F.2d at 625-626; *Ward v. Follett Corp.,* 158 F.R.D. 645, 648 (N.D. Cal.

23   1994). If these requirements are met, the court may then apply equitable considerations to

24   determine whether "wise judicial administration" warrants relief, or whether concurrent litigation

25   should proceed in that court. *Alltrade,* 946 F.2d at 627. As shown below, the three requirements

26   of the first-to-file rule are satisfied here, and the equitable considerations militate strongly in

27   favor of a stay of the Jaffe Action's class-related claims to allow the settlement negotiations in the

28   D.C. Action to continue to conclusion.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

8

Case No.:  C-06-3903 TEH
NOTICE OF MOTION, MOTION TO STAY,
MEMO OF POINTS & AUTHORITIES

1.   <u>Sound Judicial Administration Dictates that the D.C. Action Proceed and the Jaffe Action Be Stayed</u>

A court should refuse to mechanically apply the elements first-to-file rule if the balance of convenience weighs in favor of the later-filed action. *Ward*, 158 F.R.D. at 648; *Z-Line Designs, Inc. v. Bell'O International LLC*, 218 F.R.D. 663, 665 (N.D. Cal. 2003) (Granting dismissal of earlier filed case in favor of second filed case since doing otherwise "would discourage pre-litigation settlement discussions.  At a minimum, such a denial would encourage parties…to file a complaint prior to attempting settlement.").  A court should focus not on which action was filed first, but which action is best protecting the interests of the class. *Gribin v. Hammer Galleries*, 793 F.Supp. 233, 235 (C.D. Cal. 1992) (commenting that concern is "not which action was commenced first, but which will most fully serve the needs and convenience of the parties and provide a comprehensive solution of the general conflict").  Indeed, "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation, does not counsel rigid mechanical solution of such problems." *Alltrade*, 946 F.2d at 627-628.

Here, the Jaffe Action and the D.C. Action were filed on the same day.  The focus should be to determine which action is best protecting the interests of the class and will best serve the needs and convenience of the parties.  Clearly in light of over 18 months of settlement efforts, which have been "fruitful," according to mediator Hunter Hughes, in producing reforms to MSDW's business practices and is already moving steadily down the path of settlement, would weigh in favor of staying the Jaffe Action.  Allowing the Jaffe Action to continue would only impede the progress of the D.C. Action and may cause the resolution efforts to stall, to the detriment of the nationwide class.  Dichter Decl. at ¶8.

Numerous California federal courts have acknowledged that the value of pre-litigation settlement attempts often outweighs concern over which case was technically filed first. *See, e.g., Z-Line Designs, Inc.*, 218 F.R.D. at 666; *Charles Schwab & Co. v. Duffy, III*, 1998 WL 879659 *1 (N.D. Cal. 1998) ("Applying the first-to-file rule would thwart settlement negotiations, as intellectual property holders would feel compelled to file suit rather than communicate with an alleged infringer.")  Here, as in *Z-Line*, this Court should weigh in favor of staying the class

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

9

Case No.:  C-06-3903 TEH
NOTICE OF MOTION, MOTION TO STAY,
MEMO OF POINTS & AUTHORITIES

1    claims of the Jaffe Action because it will prove enormously disruptive and counterproductive to

2    the class being represented in the D.C. Action if MSDW is required to engage in protracted,

3    voluminous, time-consuming, expensive, and disputed discovery in California.  Indeed, this is the

4    exact result that the parties to the D.C. Action have been working diligently and productively for

5    over 18 months to avoid.  The California courts have expressly noted that these efforts should not

6    be discouraged or punished through a mechanical determination of who won the race to the

7    courthouse.

8            Furthermore, the settlement discussions in the D.C. Action have already led to tangible

9    benefits such as policy changes and retention of independent experts who have been conducting

10   detailed analyses of data and related issues.  Dichter Decl. at ¶7.   The parties have even gone so

11   far as to identify and discuss industrial psychologists for assistance in implementing settlement

12   terms, some whom already been interviewed by at least one of the parties. *Id*.

13           Given the valuable pre-litigation settlement negotiations that have occurred over the past

14   over 18 months, MSDW respectfully submits that this Court should stay the Jaffe Action to allow

15   for the resolution of identical issues in the D.C. Action.

16           2.       The Parties In the D.C. Class And The Jaffe Class Are Substantially Similar

17           The purported nationwide class in the Jaffe Action is identical to the purported nationwide

18   class in the D.C. Action.  Both actions purport to cover an identical, nationwide putative class of

19   female FA's employed by MSDW from August 5, 2003.  Indeed, as discussed above, the D.C.

20   Action's purported nationwide class also completely subsumes the two state law sub-classes in

21   the Jaffe Action.  Further, both cases assert gender discrimination against the same defendant,

22   MSDW.

23           The fact that the two named plaintiffs in the Jaffe Action are different than the six named

24   plaintiffs in the D.C. Action does not effect in any way the application of the first-to-file rule.  In

25   *District Council 37 Health & Sec. Plan v. McKesson Corp*., 2006 U.S. Dist. LEXIS 30584 (N.D.

26   Cal. May 11, 2006), defendant McKesson requested that the Northern Distinct of California Court

27   dismiss, or stay, a second prospective class action because of the existence of an earlier filed and

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

Case No.:  C-06-3903 TEH
NOTICE OF MOTION, MOTION TO STAY,
MEMO OF POINTS & AUTHORITIES

1   further advanced prospective class action, with substantially similar claims and similar parties..

2   *Id.* at *1.  The Court, in granting defendant's motion and dismissing the case without prejudice,

3   noted that "[a]lthough the named plaintiffs are different in the two cases, the named plaintiffs are

4   members of classes which are defined identically in the two actions and are therefore

5   substantially similar."  *Id.* at **2-3; *see also Peak, supra*, 2000 U.S. Dist. LEXIS 9711 at *4

6   (invoking first-to-file rule in class action context).

7          In the present matter, the only difference between the two sets of putative class

8   representatives is that the D.C. Action Plaintiffs are more numerous, comprise a larger geographic

9   scope in the nationwide class action, and have had class counsel actively pursuing pre-litigation

10  settlement and negotiations for a substantial period of time, with notable results.  The similarities

11  between the two sets of named plaintiffs are even more compelling in that each set purports to

12  represent the same putative class of female FA's, in a nationwide class action against the same

13  employer and during the exact time period of August 2003 to the present.  Fairness to all parties

14  and the active negotiation that has been undertaken for the benefit of all, including Jaffe and

15  Williams, dictates that the D.C. Action go forward toward resolution, while the Jaffe Action be

16  stayed with respect to the class-related claims.  Allowing the Jaffe Action to continue and disrupt

17  the forward moving settlement momentum of the D.C. Action would be harmful to the putative

18  class in both cases.

19          3.      The D.C. Action is Further Advanced in Addressing the Same Class Issues
                    Raised by the Jaffe Action.
20

21          It is well-established that the "identity of issues" contemplated by the <u>Alltrade</u> court does

22  not require strict identity of issues, but rather, only similarity of issues.  Specifically, under the

23  first-to-file rule, the issues in two competing cases are deemed to substantially similar when they

24  rest on identical factual allegations and assert identical or analogous claims causes of action

25  against the defendant.  *District Council, at **3; Peak*, 2000 U.S. Dist. LEXIS 9711 at *4.

26          Here, the primary claims in these two cases are also virtually identical.  The D.C. Action

27  and the Jaffe Action both assert claims for nationwide gender discrimination under federal law

28  and subsumed sub-classes under parallel state statutes, including California and Michigan law.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

11

Case No.:  C-06-3903 TEH
NOTICE OF MOTION, MOTION TO STAY,
MEMO OF POINTS & AUTHORITIES

1   Plaintiffs in both actions seek, *inter alia*, declaratory and injunctive relief, as well as

2   compensatory and punitive damages under Title VII, 42 USC §2000(e) and under parallel state

3   and local laws prohibiting gender discrimination. *Compare* Dichter Decl, Ex. A., Prayer for

4   Relief, ¶¶ 2-6 *with* Amend. Compl., ¶¶98-104.  The class and subclass claims of both the Jaffe

5   Action and the D.C. Action have almost no variance in the factual allegations upon which they re

6   based.  Both cases advance claims of a pattern and practice of gender discrimination by MSDW

7   against its female FA's.  The real difference between the two cases is that the parties in the D.C.

8   Action have expended a tremendous amount of time and energy toward settling these claims and

9   implementing programmatic change.  It would benefit no party to allow the Jaffe Action proceed,

10  forestalling the efforts of the D.C. Action.

11       A stay of this action will not in any way prejudice Plaintiffs Jaffe or Williams or deprive

12  them of their day in court.  Indeed, that day may come sooner when the D.C. Action is resolved.

13  If a settlement is reached, Jaffe and Williams will each have the opportunity to accept the terms

14  of any settlement in the D.C. Action, object to those terms, or opt out of that settlement and

15  pursue their claims individually.  Further, the two plaintiffs in this case may immediately litigate

16  their individual age and race claims or engage in settlement discussion with MSDW of those

17  individual claims.  Dichter Decl. ¶9.

18       Finally, this Court should also consider the amount of time and resources that have

19  already been invested in the D.C. Action.  Even before filing the complaint, the D.C. Action has

20  been rapidly proceeding, with both parties engaging in extensive information exchange,

21  settlement negotiations, implementation of policy changes, the utilization of an experienced

22  mediator, and the identification of industrial psychologists and monitors.  In comparison, the Jaffe

23  Action has had little activity.  There has been an initial discovery request and one meet and

24  confer, regarding the Joint Case Management statement.  Based on just these facts, it is logical to

25  allow the D.C. Action to proceed without the threat of duplicative litigation pending in another

26  district.

27       In sum, it does not make any sense for more than one court to examine the primary issue

28  raised by these cases, namely, whether MSDW has engaged in nationwide gender discrimination.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

12

Case No.:  C-06-3903 TEH
NOTICE OF MOTION, MOTION TO STAY,
MEMO OF POINTS & AUTHORITIES

1   Clearly, one of these lawsuits must yield.  In light of all of the foregoing factors, the D.C. Action

2   should be permitted to continue, and the class aspects of the California action should yield.

3   **V.      CONCLUSION**

4           As described above, the interests of the putative class of plaintiffs have been and continue

5   to be represented by competent class counsel in the D.C. Action.  Through over 18 months of

6   settlement discussions, significant progress has been achieved, and some agreed upon changes to

7   MSDW policies have already been implemented as a result of those discussions.  Pursuant to the

8   first-to-file rule, plaintiffs in the above-captioned matter have no right to represent the identical

9   class of plaintiffs whose interests are being pursued in the D.C. Action.  Accordingly, MSDW

10  respectfully submits that the class and sub-class claims (Claims 1 through 4) of Plaintiffs Daisy

11  Jaffe and Denise Williams should be stayed.

12                                                          Respectfully submitted,

13

14  Dated:  October 30, 2006                               MORGAN, LEWIS & BOCKIUS LLP

15

16                                                         By:    /s/ L. Julius M. Turman
                                                                  L. Julius M. Turman
17                                                         Mark S. Dichter, *admitted pro hac vice*
                                                           James N. Penrod (State Bar No. 43030)
18                                                         Rebecca D. Eisen (State Bar No. 96129 )
                                                           Kenneth L. Turnbull, *admitted pro hac vice*
19                                                         L. Julius M. Turman (State Bar No. 226126)
                                                           Gregg Paris Yates (State Bar No. 224641
20                                                         MORGAN, LEWIS & BOCKIUS LLP
                                                           One Market, Spear Tower
21                                                         San Francisco, CA  94105
                                                           Direct:  415.442.1361
22                                                         Fax:  415.442.1001
                                                           *Attorneys for Defendant*
23                                                         Morgan Stanley DW, Inc.

24

25

26

27

28

Case No.:  C-06-3903 TEH
NOTICE OF MOTION, MOTION TO STAY,
MEMO OF POINTS & AUTHORITIES