James N. Penrod (State Bar No. 43030)
Rebecca D. Eisen (State Bar No. 96129)
L. Julius M. Turman (State Bar No. 226126)
Gregg Paris Yates (State Bar No. 224641)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Tower
San Francisco, CA 94105
Direct: 415.442.1361
Fax: 415.442.1001

Mark S. Dichter, *admitted Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103
Tel: 215.963.5000
Fax: 215.963.5001

Kenneth L. Turnbull, *admitted Pro Hac Vice*
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
Tel: 212.309.6000
Fax: 212.309.6001

*Attorneys for Defendant
Morgan Stanley DW, Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| DAISY JAFFE and DENISE WILLIAMS on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MORGAN STANLEY DW, INC.,<br><br>Defendant. | Case No. C-06-3903 TEH<br><br>**DECLARATION OF MARK S. DICHTER IN SUPPORT OF MORGAN STANLEY DW, INC.'S MOTION TO STAY PLAINTIFFS' CLASS AND SUB-CLASS GENDER DISCRIMINATION CLAIMS**<br><br>Date: December 11, 2006<br>Time: 10:00 a.m.<br>Dept.: Courtroom 12<br>Judge: Honorable Thelton E. Henderson |

I, Mark S. Dichter, declare as follows:

1. I am a partner in the law firm of Morgan, Lewis & Bockius, LLP, counsel to defendant Morgan Stanley DW, Inc. ("MSDW") in the above-captioned action. I have personal knowledge of the facts stated herein and if called as a witness, I could and would testify competently thereto.

2.  In addition to representing MSDW in the instant action, my firm and I are also counsel to MSDW in a nationwide gender discrimination class action pending before Honorable Judge Richard W. Roberts in the United States District Court for the District of Columbia, captioned <u>Augst-Johnson v. Morgan Stanley DW, Inc.</u>, Case No. 06-C-01142-RWR (D.D.C.) (the "D.C. Action"). The D.C. Action involves a putative class of current and former female Financial Advisors that includes all of the putative class members sought to be represented in this action. A copy of the Complaint in the D.C. Action is attached at Exhibit A.

3.  The putative class members in the D.C. Action are represented by three law firms, Mehri & Skalet PLLC, Sprenger & Lang PLLC, and Moody & Warner P.C. (collectively, "D.C. Class Counsel"). These are competent counsel, who collectively bring with them significant experience in litigating large, complex class actions involving employment discrimination issues, including discrimination class actions against Texaco Inc., The Coca-Cola Company, and American Express Financial Advisors. In Court on October 30, counsel for the Plaintiffs in the Jaffe case stated they had no issue with the competency of counsel in the D.C. Action.

4.  The parties in the D.C. Action are using the services of a prominent mediator, Hunter Hughes, to aid in their settlement discussions. Mr. Hughes has successfully mediated several complex, high profile nationwide employment class actions, including class actions brought against The Coca Cola Company, Home Depot, Winn Dixie, Burlington Northern, Boeing Aircraft Company, and Publix Supermarkets. In Court on October 30, counsel for the Plaintiffs in the Jaffe case stated they had worked with Hunter Hughes in mediating employment discrimination class actions.

5.  Although the D.C. Action was filed on June 22, 2006, the parties have been engaged in settlement discussions in that matter since April 2005. As part of those settlement discussions, the parties have entered into a series of tolling agreements, the first of which was in March 2005, tolling the time within which plaintiffs needed to file individual and class claims of discrimination. I have been informed by D.C. Class Counsel that in the course of representing the putative class members, D.C. Class Counsel has interviewed almost 200 members of the potential class.

6. Numerous proposals and counter proposals have been exchanged by the parties in the D.C. Action since April 2005, and significant progress has been made in the settlement discussions. In fact, Morgan Stanley has already implemented some of the agreed upon changes to its business practices based upon these settlement discussions. D.C. Class Counsel informed me that they filed the D.C. Action to preserve the benefits and results of then 14 months of detailed discussions and negotiations. The mediator commented in a press release issued on June 22, 2006 that the discussions to date have been "fruitful" and that the reforms to Morgan Stanley's business practices are expected to be "meaningful, novel and far-reaching." A copy of the June 22, 2006 press release is attached at Exhibit B.

7. As part of those settlement discussions, the parties have had extensive discussions of information and data affecting Morgan Stanley's Financial Advisors, including such topics as: account assignment and distributions; compensation; management opportunities; management development and training; hiring opportunities and retention; retirement programs; personnel policies and practices; and diversity initiatives. Further, the parties have discussed and identified industrial psychologists for assistance in implementing settlement terms, some of whom have already been interviewed by at least one of the parties

8. The settlement discussions in the D.C. Action are at an advanced stage. The interests of the putative class members are being aggressively pursued by D.C. Class Counsel. It would be enormously disruptive and counterproductive to introduce two new law firms into those negotiations that have been ongoing since April 2005. Upon reaching agreement on the terms of a settlement in the D.C. Action, all class members, including the two plaintiffs in this case, will be informed of the settlement terms. If the two plaintiffs are unhappy with those terms, they can object to the settlement or opt out of that settlement and pursue their claims individually.

9. MSDW has informed counsel for Plaintiffs Jaffe and Williams that it is prepared to promptly explore potential settlement options of their individual age and race claims and, failing a settlement, promptly litigate those claims. Counsel for Plaintiffs Jaffe and Williams has not responded to these overtures.

1     I declare under penalty of perjury under the laws of the United States and the foregoing is true and correct.

3     Executed this 30 day of October, 2006, at San Francisco, CA.

*[signature]*

Mark S. Dichter