# EXHIBIT A

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Joanne Augst-Johnson, Debra Shaw, Nancy Reeves, Jan Tyler, Cheryl Guistiniano and Laurie Blackburn

## DEFENDANTS

Morgan Stanley, Inc. & Morgan Stanley Dean Witter, Inc.

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Hennepin Cty, MN
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  New York Cty, NY
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Cyrus Mehri, Steven A. Skalet, & Lisa Bornstein, Mehri & Skalet, PLLC. 1300 19th Street, NW Suite 400 Washington, DC 20036 (202) 822-5100; Steven Sprenger, Sprenger & Lang, PLLC. 1400 Eye Street Suite 500 Washington, DC 20005 (202) 265-8010

ATTORNEYS (IF KNOWN)

Mark Dichter
Morgan Lewis & Bockius 1701 Market Street
Philadelphia, PA 19103 (215) 963-5291

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255*<br><br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ◉ H. *Employment Discrimination*<br><br>☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ○ I. *FOIA/PRIVACY ACT*<br><br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br>*(If pro se, select this deck)* | ○ J. *Student Loan*<br><br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ○ K. *Labor/ERISA (non-employment)*<br><br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ L. *Other Civil Rights (non-employment)*<br><br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ○ M. *Contract*<br><br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ N. *Three-Judge Court*<br><br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 USC 2000e et seq. Gender discrimination against female financial advisors.

**VII. REQUESTED IN COMPLAINT**  ☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE  6/22/06    SIGNATURE OF ATTORNEY OF RECORD  [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Joanne Augst-Johnson, Nancy Reeves, Debra Shaw, Jan Tyler, Cheryl Guistiniano, and Laurie Blackburn, <br><br>On behalf of themselves and all others similarly situated, <br><br>Plaintiffs, <br><br>v. <br><br>Morgan Stanley DW, Inc., <br><br>Defendants. | Civil No. _____ <br><br>CLASS ACTION <br><br>JURY TRIAL DEMAND |

## COMPLAINT

Plaintiffs, for their Complaint against defendant Morgan Stanley DW, Inc. ("Morgan Stanley"), allege and state, as follows:

### Introduction

1. This case arises out of Morgan Stanley's systemic company-wide discriminatory treatment of its female financial advisors in violation of federal and applicable state civil rights laws. Having satisfied all administrative prerequisites, Plaintiffs now file this Complaint.

### Parties

**A. Plaintiffs & Class Representatives – Financial Advisors**

2. Joanne Augst-Johnson is a female resident and citizen of Plymouth, Minnesota. She was employed by Morgan Stanley as a financial advisor in its Wayzata, Minnesota branch from December 1999 through January 2006.

69341

3. Nancy Reeves is a female resident and citizen of Colorado Springs, Colorado. She was employed by Morgan Stanley as a financial advisor in its Colorado Springs branch from July 1987 through July 2004.

4. Debra K. Shaw is a resident and citizen of Hayden, Colorado. She was employed by Morgan Stanley as a financial advisor in its Denver branch from 1991 through January 2005.

5. Jan Tyler is a female resident and citizen of Denver, Colorado. She was employed by Morgan Stanley as a financial adviser in its Denver branch from October 1996 through August 2005.

6. Cheryl Guistiniano is a female resident and citizen of Gig Harbor, Washington. She was employed by Morgan Stanley as a financial advisor in its Rancho Bernardo, California and Gig Harbor branches from July 1999 through August 2005.

7. Laurie Blackburn is a female resident and citizen of Alexandria, Virginia. She was employed by Morgan Stanley as a financial advisor in its Alexandria branch from April 1996 through August 2005.

**B.     Defendant**

8. Morgan Stanley DW, Inc. ("Morgan Stanley") is a Delaware corporation with its principal place of business in Purchase, NY. Morgan Stanley currently maintains a field force of approximately 8,500 financial advisors and has branch offices throughout the United States.

## Jurisdiction

9. This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367 because this action is brought under Title VII of the Civil

Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* prohibiting gender discrimination in employment, and with respect to two Plaintiffs, under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 1621 *et seq.* prohibiting age discrimination in employment. This court has pendant jurisdiction over the claims brought pursuant to state and local laws prohibiting both gender and age discrimination in employment.

### Exhaustion of Administrative Remedies

10. Plaintiffs have each filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and applicable state and/or local agencies alleging, among other things, class-wide gender discrimination against Morgan Stanley with respect to the compensation, promotion and termination of financial advisors in violation of Title VII and applicable state and/or local civil rights laws.

11. Plaintiffs have each requested and/or received notices of right to sue from the EEOC and other administrative agencies and, accordingly, have exhausted all administrative prerequisites for the maintenance of this action.

### Facts

12. Since at least August 5, 2003, Morgan Stanley has systematically denied equal employment opportunities to its female financial advisers. Morgan Stanley has engaged in a pattern and practice of gender discrimination with respect to compensating and promoting females from the position of financial advisor to other more prestigious roles or positions such as the position of branch manager. Morgan Stanley has engaged in a pattern and practice of gender discrimination with respect to other terms and conditions of employment of female financial advisors that affect compensation and promotion

69341

3

opportunities including, but not limited to: training and mentoring; account assignments; and, participation in company approved "partnership" arrangements with other financial advisers.

13. Female financial advisors have experienced discrimination with respect to training and mentoring.

14. Female financial advisers have experienced discrimination with respect to the assignment of accounts in multiple ways

15. Female financial advisers have experienced discrimination with respect to participation in company approved "partnership" arrangements with male financial advisers in several ways.

16. Female financial advisers have also experienced discrimination with respect to career advancement, most noticeably in obtaining promotions to the branch manager position.

17. Female financial advisers have experienced discrimination with respect to other general terms and conditions of employment including, but not limited to, assignment of office space and sales support staff.

**Class Action Allegations**

18. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiffs Joanne August-Johnson, Nancy Reeves, Debra K. Shaw, Jan Tyler, Cheryl Guistiniano and Laurie Blackburn seek to represent a nation-wide class consisting of:

> All women employed by Morgan Stanley as financial advisers at any time between August 5, 2003 and the present.

Plaintiffs reserve the right to seek to represent sub-classes of the nation-wide class.

19. *Numerosity.* The number of women in the class exceeds 3,000. It would be impracticable to bring all, or even a substantial percentage of, such persons before the Court as individual plaintiffs through joinder.

20. *Commonality.* There are questions of law and fact common to the class. The overarching question of law and fact that is common to all members of the class is whether Morgan Stanley, through the acts and/or omissions of its management and supervisory workforce, has adopted and/or maintained a policy or practice of employment discrimination that is generally applicable to the class of all of Morgan Stanley's female financial advisor incumbents. This overarching common issue of law and fact includes numerous subissues of law and fact that are also common to all members of the class. These subissues include, but are not limited to, the following:

- Whether Morgan Stanley's female financial advisors have been promoted at rates that are disproportionately low compared to the rates at which male financial advisors have been promoted;

- Whether Morgan Stanley's female financial advisors have been afforded treatment in respect of numerous aspects of employment (including training, account distribution, and partnership arrangements) that is less favorable than the treatment afforded by Morgan Stanley to its male financial advisors;

- Whether the reason that Morgan Stanley has afforded its female financial advisors less favorable treatment than its male financial advisors is the acceptance of an stereotype;

- Whether the employment policies or practices of Morgan Stanley that have adversely affected its female advisors violate Title VII under either a disparate treatment or a disparate impact theory;

- Whether Morgan Stanley's discriminatory employment practices constitute a "continuing violation"; and,

69341

- Whether Morgan Stanley's discriminatory employment practices are sufficiently egregious to justify the imposition of punitive damages under Title VII.

21. *Typicality.* The claims of each of the above-identified class representatives are typical of the claims of all class members because: (a) they have all been subjected to the same company-wide practice of gender discrimination in employment; (b) all of their claims are based upon allegations that they have been adversely affected by that practice of gender discrimination in a similar manner in that they have received less favorable treatment than their male counterparts with respect to numerous aspects of employment; and, (c) their claims are all based on the same legal theory or theories.

22. *Adequacy of Representation.* All of the above-identified class representatives are adequate representatives of the class because: (1) they are willing and able to represent the proposed class and have every incentive to pursue this action to a successful conclusion; (2) their interests are not in any way antagonistic to those of the other class members; and (3) they are represented by counsel experienced in litigating major class actions in the field of employment discrimination.

23. *Propriety of Maintenance of Class Action Under Fed. R. Civ. P. 23(b)(2).* Class action status is appropriate under Fed. R. Civ. P. 23(b)(2) because Morgan Stanley has acted and/or refused to act on grounds generally applicable to the class, thereby making declaratory and final injunctive relief appropriate. Such generally applicable grounds consist of the adoption and/or maintenance by Morgan Stanley of a common, company-wide policy or practice of gender discrimination in employment to which each

member of the class has been subjected. This relief would predominate over monetary relief.

24.  *Propriety Of Maintenance of Class Action Under Fed. Civ. P. 23(b)(3).*

Class action status is also appropriate under Fed. R. Civ. P. 23(b)(3). The common questions of law and fact identified above predominate over questions affecting only individual members. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. Inasmuch as all members of the class are geographically dispersed throughout the country and allege that they were subjected to the same company-wide policy or practice of gender discrimination, requiring each class member to pursue her claim individually would entail needless duplication and would waste the resources of both the parties and the judiciary. The financial burden of proving Morgan Stanley engaged in such a pattern or practice of discrimination would also make the prosecution of individual actions virtually impossible for most, if not all, members of the class.

## COUNT I

## EMPLOYMENT DISCRIMINATION ON THE BASIS OF GENDER -- CLASS CLAIMS FOR RELIEF

25.  Plaintiffs restate and reallege the allegations contained in Paragraphs 1 through 24 of this Complaint as though set forth here in full.

26.  Plaintiffs and members of the class are employees of Morgan Stanley within the meaning of 42 U.S.C. § 2000(e) *et seq.*

69341

27. The discriminatory policies or practices of Morgan Stanley, as set forth in this Count, have denied Plaintiffs and members of the class their right to equal employment opportunity in violation of 42 U.S.C. § 2000(e) *et seq.*

28. Morgan Stanley has adopted and/or maintained a system-wide policy or practice of gender discrimination by, among other things, denying Plaintiffs and members of the class equal opportunities as described above.

29. Morgan Stanley has adopted and/or maintained subjective employment practices, including but not limited to, subjective practices for assessing and evaluating the ability and potential of their financial advisors that have had the adverse impact of denying female advisors equal career advancement and other employment opportunities on account of their gender.

30. By reason of Morgan Stanley's discriminatory policies or practices as set forth in this Count, Plaintiffs and members of class have suffered damages including, but not limited to, lost income, lost benefits, embarrassment, emotional distress, humiliation, indignity and a reduced quality of life. Plaintiffs and members of the class are threatened with further injury and loss which are irreparable in nature and for which they have no adequate remedy at law.

## COUNT II

### EMPLOYMENT DISCRIMINATION ON THE BASIS OF GENDER -- INDIVIDUAL CLAIMS FOR RELIEF

31. Plaintiffs Jan Tyler, Cheryl Guistiniano and Laurie Blackburn restate and reallege the allegations contained in Paragraphs 1 through 17 of this Complaint as though set forth here in full.

32. Plaintiffs Jan Tyler, Cheryl Guistiniano and Laurie Blackburn experienced gender discrimination with respect to their terminations of employment pursuant to Morgan Stanley's August 2005 "reduction in force." Upon information and belief, Morgan Stanely did not apply its RIF criteria consistently to male and female financial advisers and, as a result, Plaintiffs were terminated whereas similarly situated male financial advisers were retained.

33. Morgan Stanley's termination of the employment of Plaintiffs was intentional, malicious, deliberate, willful and oppressive, and was carried out with reckless and callous disregard for their respective rights.

34. By reason of Morgan Stanley's discriminatory and unlawful employment practices as set forth in this Count, Plaintiffs Jan Tyler, Cheryl Guistiniano and Laurie Blackburn have suffered damage including, but not limited to, lost income, lost benefits, embarrassment, emotional distress, physical injury, humiliation, indignity and a reduced quality of life.

## COUNT III

### EMPLOYMENT DISCRIMINATION ON THE BASIS OF AGE -- INDIVIDUAL CLAIMS FOR RELIEF

35. Plaintiffs Nancy Reeves, Jan Tyler and Debra K. Shaw, who are age 40 or above, restate and reallege the allegations contained in Paragraphs 1 through 17 and 32 of this Complaint as though set forth here in full.

36. Plaintiffs Nancy Reeves, Jan Tyler and Debra K. Shaw are employees of Morgan Stanley within the meaning of 29 U.S.C. § 630 and other applicable civil rights laws prohibiting discrimination in employment on the basis of age.

69341

37. The adverse employment actions experienced by Plaintiffs Nancy Reeves, Jan Tyler and Debra K. Shaw as described above as well as the adverse treatment of Plaintiff Debra K. Shaw with respect to the company imposed terms and conditions of the dissolution of her partnership arrangement were also motivated by age bias in violation of 29 U.S.C. § 621 *et seq.* and other applicable civil rights laws prohibiting discrimination in employment on the basis of age.

38. Morgan Stanley's discriminatory and unlawful employment practices against Plaintiffs Nancy Reeves, Jan Tyler and Debra K. Shaw on the basis of age were intentional, malicious, deliberate, willful and oppressive, and were carried out with reckless and callous disregard for their respective rights.

39. By reason of Morgan Stanley's discriminatory and unlawful employment practices as set forth in this Count, Plaintiffs Nancy Reeves, Jan Tyler and Debra K. Shaw have suffered damage including, but not limited to, lost income, lost benefits, embarrassment, emotional distress, physical injury, humiliation, indignity and a reduced quality of life.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectively pray:

1. That this case be maintained as a class action on behalf of the proposed class; that Plaintiffs be designated as representatives of the class, and that their counsel of record be designated as Class Counsel;

2. That the practices of Defendant complained of herein be determined and adjudged to be in violation of the rights of the Plaintiffs and the members of the class

69341

under Title VII, the ADEA and state and local laws prohibiting gender and age discrimination in employment;.

3. That a permanent prohibitory injunction be issued prohibiting Defendant, and its officers, agents, employees and successors from engaging in the employment practices complained of herein;

4. That a permanent mandatory injunction be issued requiring that Defendant adopt employment practices in accord with the requirements of Title VII, the ADEA and state and local laws prohibiting gender and age discrimination in employment;

5. That judgment be entered in favor of Plaintiffs and the members of the class set forth herein, and against Defendant, for back pay (including interest or an appropriate inflation factor), front pay, benefits and all other amounts owed to Plaintiffs and the members of the class;

6. That the Plaintiffs and members of the class be awarded compensatory and punitive damages;

7. That Plaintiffs Nancy Reeves, Jan Tyler and Debra K. Shaw be awarded liquidated damages to the extent allowed by law;

8. That the Plaintiffs and members of the class be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable;

9. That the Plaintiffs and members of the class be awarded costs including, but not limited to, attorneys' fees, experts' fees, and other costs and expenses of this litigation; and

69341

10. That the Court retain jurisdiction over Defendant until such time as it is satisfied that it has remedied the practices complained of and is determined to be in full compliance with the law.

### Jury Demand

Plaintiffs demand trial by jury on all issues triable of right by jury.

This 22nd day of June, 2006.

Respectfully submitted,

_/s/ Steven Sprenger_
Steven M. Sprenger (DC No. 418736)
SPRENGER & LANG, PLLC
1400 Eye Street, N.W.
Suite 500
Washington, DC 20005
(202) 265-8010

Mara R. Thompson (MN No. 196125)*
SPRENGER & LANG, PLLC
310 Fourth Avenue S.
Suite 600
Minneapolis, MN 55403
(612) 871-8910

_/s/ Cyrus Mehri_
Cyrus Mehri (DC No. 420970)
Steven A. Skalet (DC No. 359804)
Lisa M. Bornstein (DC No. 485933)
Sandi Farrell (DC No. 491677)
MEHRI & SKALET, PLLC
1300 19th Street, N.W.
Suite 400
Washington, DC 20036
(202) 822-5100

Chris Moody (NM No. 1850)*
Whitney Warner (NM No. 10600)*
MOODY & WARNER, P.C.
4169 Montgomery Blvd. NE
Albuquerque, NM 87109
(505) 944-0033

*ATTORNEYS FOR PLAINTIFFS*
*AND THE CLASS*

\*   *Pro Hac Vice* Application to be filed

69341