James M. Finberg (State Bar No. 114850)
Kelly M. Dermody (State Bar No. 171716)
Bill Lann Lee (State Bar No. 108452)
Heather H. Wong (State Bar No. 238546)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
email: jfinberg@lchb.com
email: kdermody@lchb.com
email: hwong@lchb.com

Elizabeth A. Alexander (*pro hac vice*)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
One Nashville Place
150 4th Avenue North, Suite 1650
Nashville, TN 37219-2423
Telephone: (615) 313-9000
Facsimile: (615) 313-9965
email: ealexander@lchb.com

Adam T. Klein (*pro hac vice*)
Piper Hoffman (*pro hac vice*)
Justin M. Swartz (*pro hac vice*)
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005
email: atk@outtengolden.com
email: ph@outtengolden.com
email: jms@outtengolden.com

*Attorneys for the Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| DAISY JAFFE and DENISE WILLIAMS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MORGAN STANLEY DW, INC.,<br><br>Defendant. | Case No. C-06-3903 TEH<br><br>**DECLARATION OF ADAM T. KLEIN IN SUPPORT OF PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO STAY**<br><br>Date: December 11, 2006<br>Time: 10:00 a.m.<br>Dept. Courtroom 12<br>Judge: Honorable Thelton E. Henderson |

I, ADAM T. KLEIN, declare as follows:

1. I am an attorney admitted to practice in the State of New York, admitted to practice pro hac vice in this Court, and a partner in the law firm Outten & Golden, LLP, one of the law firms serving as co-counsel for plaintiffs in the above-styled action. I am a member in good standing of the State Bar of New York and of this Court. I have personal knowledge of the

statements contained in this Declaration and if called to testify, I could and would testify competently to them.

2. Shortly after Plaintiffs filed their original class action Complaint in this case, Defendant Morgan Stanley D.W., Inc. ("MSDW") informed Plaintiffs' counsel that it had been in settlement negotiations with counsel for the plaintiffs in <u>Augst-Johnson v. Morgan Stanley DW Inc.</u>, Case No. 06-C-01142-RWR (D.D.C.) ("the Washington case"). MSDW requested that Plaintiffs agree to extend the time for MSDW to respond to the <u>Jaffe</u> Complaint in the hopes that some resolution could be reached in those negotiations. Based on this representation by MSDW, between July 14 and September 14, 2006, Plaintiffs stipulated to three extensions of time for MSDW to respond to Plaintiffs' Complaint.

3. Counsel for Plaintiffs have requested that MSDW include them in the settlement negotiations in the Washington case in order to protect their clients' interests. MSDW has rejected this request.

4. On September 19, 2006, defense counsel asked Plaintiffs' counsel for an additional continuance of the Initial Case Management Conference from October 2, 2006 to October 30, 2006, to which Plaintiffs agreed.

5. The parties conducted their Rule 26 conference on October 20, 2006.

6. On October 20, 2006, Plaintiffs served Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure for Plaintiff Jaffe. <u>See</u> Exhibit 1, attached.

7. On October 23, 2006, Plaintiffs propounded their First Requests for Production of Documents on MSDW. <u>See</u> Exhibit 2, attached.

8. On October 25, 2006, Plaintiffs noticed four depositions for MSDW witnesses to testify pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. <u>See</u> Collective Exhibit 3, attached. Those depositions were noticed for December 11-14, 2006, but have been stayed by agreement pending the resolution of this Motion.

9. At the October 30, 2006 Case Management Conference, MSDW informed the Court and counsel for the Plaintiffs that it intended to file its Motion to Stay.

577208.1 - 2 - DECLARATION OF ADAM T. KLEIN
CASE NO. C-06-3903 TEH

1    10.     On June 22, 2006, the same day that the Jaffe Complaint was filed, Augst-Johnson
2    v. Morgan Stanley DW, Inc., Case No. 06-C-01142-RWR (D.D.C.), was filed in the United States
3    District Court for the District of Columbia. The named Plaintiffs in the Washington case are five
4    former female Financial Advisors of MSDW who seek to represent a nationwide class of current
5    and former female Financial Advisors claiming gender discrimination under Title VII. See
6    Declaration of Mark S. Dichter in Support of Defendant's Motion to Stay (Dkt. No. 51-1), Exhibit
7    A.

8    11.     Although Defendant's Memorandum in Support of its Motion to Stay asserts that
9    the Washington Complaint contains causes of action for gender discrimination "under parallel
10   state and local laws prohibiting gender discrimination," (Memorandum at 4), the Washington
11   Complaint does not make any claims or plead any causes of action under state law. See Dichter
12   Decl., Exh. A. It merely states that the plaintiffs reserve the right to represent sub-classes of the
13   nationwide class. Id.

14   12.     The prosecution of the Washington case has been put on hold since it was filed.
15   Other than the Complaint, the only entries of any substance on the docket in that case are Motions
16   to Appear Pro Hac Vice and Orders of the Court extending the deadline for MSDW to file its
17   Answer. A true and correct copy of the docket sheet in Augst-Johnson v. Morgan Stanley DW,
18   Inc., Case No. 06-C-01142-RWR (D.D.C.) is attached as Exhibit 4.

19   13.     While MSDW states that the mediator, Hunter Hughes has commented that the "18
20   months" of settlement discussions have been "fruitful," Memorandum at 9, Mr. Hughes recently
21   informed counsel for Plaintiffs that he was not retained until "4 or 5 months ago"—perhaps in
22   Spring of 2006 at the earliest, and possibly later.

23   14.     Plaintiffs' counsel have significant experience in litigating gender discrimination
24   class actions, including working with experts in statistical analysis of compensation disparities of
25   the type alleged here, as well as with industrial psychologists.

26   15.     Class counsel have also had experience working with mediator Hunter Hughes on
27   several employment discrimination matters, including national employment discrimination
28   lawsuits filed against Home Depot and Abercrombie & Fitch in this District that were settled with

the assistance of Mr. Hughes. Lieff, Cabraser attorneys James F. Finberg, Bill Lann Lee, and Kelly M. Dermody, all of whom are counsel in this case, acted as lead counsel in those cases.

16. Outten & Golden LLP ("O&G") routinely counsels and/or represents professional women with gender discrimination claims against Morgan Stanley.

17. One client represented by O&G was Allison Schieffelin, who filed EEOC charges of gender discrimination on behalf of herself and all similarly situated women in the Institutional Equity Division at Morgan Stanley. Ms. Schieffelin's charges led to several years of impact litigation, in which the EEOC sued Morgan Stanley for discriminating against female professionals and O&G intervened on behalf of Ms. Schieffelin. The case eventually settled for significant damages and substantial injunctive relief with O&G and I playing leading roles in the prosecution of the case.

18. Over the course of this and its many other cases against Morgan Stanley, O&G has become very familiar with Morgan Stanley's structure, personnel, compensation and promotion policies, and legal strategies.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed this 6th day of November, 2006, in New York, New York.

_____
ADAM T. KLEIN