IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAISY JAFFE, et al.,

              Plaintiffs,

v.

MORGAN STANLEY DW, INC.,

              Defendant.

NO. C06-3903 TEH

ORDER GRANTING DEFENDANT'S MOTION TO STAY CLASS AND SUBCLASS GENDER DISCRIMINATION CLAIMS

       This matter came before the Court on Monday, December 18, 2006, on Defendant's motion to stay Plaintiffs' class and subclass gender discrimination claims.  The parties agree that the proposed class definition and class claims in this case are identical to those in *Augst-Johnson v. Morgan Stanley DW, Inc.*, Case No. 06-C-01142-RWR, filed in the District Court for the District of Columbia on the same day as Plaintiffs filed this case.

       *Augst-Johnson* ("the D.C. action") does not, however, plead any claims based on state law, whereas the two subclass gender discrimination claims in this case are based on California and Michigan anti-discrimination statutes.  Plaintiffs do not contend that Defendant's liability would differ under these state laws as compared with Title VII, but they do argue, without rebuttal from Defendant, that the two state statutes allow for unlimited compensatory and punitive damages while Title VII does not.  Thus, the D.C. action duplicates the class claims in this case but not the subclass claims.  However, the parties agree that, because the liability issues between the class and subclass claims overlap, a stay only on the class claims without a stay on the subclass claims would be meaningless.

       While the parties' briefs focused primarily on the first-to-file rule, this Court need not rely on that rule because it concludes, for the reasons discussed below, that a short stay would be an appropriate exercise of the Court's inherent powers to manage its own docket. As the Ninth Circuit has explained:

> A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in character, and does not require that the issues in such proceedings are necessarily controlling of the action before the court. In such cases the court may order a stay of the action pursuant to its power to control its docket and calendar and to provide for a just determination of the cases pending before it.

*Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979).

At the October 30, 2006 case management conference, the parties notified the Court of the existence of the D.C. action, and Defendant represented that extensive settlement negotiations had been ongoing in that case since April 2005. The parties in the D.C. action retained Hunter Hughes as a mediator, and the parties in this case gave oral consent to this Court to contact Mr. Hughes, provided that the Court discussed only procedural matters and not the merits of the class claims or the substance of any settlement discussions in the D.C. action. Staying within these constraints, the Court spoke with Mr. Hughes by telephone in late November 2006.

Upon consideration of Mr. Hughes's comments, the Court concludes that settlement negotiations in the D.C. action are, as Defendant represented to the Court, at a very advanced stage. Plaintiffs' doubts to the contrary are simply unfounded. Moreover, there does not appear to be any indication of collusion between the parties in the D.C. action, nor is there any sign that the plaintiffs' counsel in that case are incapable of representing the best interests of the class.

Although the Court would be highly reluctant to dismiss the class and subclass claims in this case or indefinitely stay such claims pending resolution of the D.C. action in its entirety, Defendant does not request such extreme relief. To the contrary, Defendant asks only for a stay until March 15, 2007 – a date less than two months away – and acknowledged at oral argument that, if this Court were to grant a stay, Defendant would bear a "very high burden" if they sought an extension of the stay. The Court finds Defendant's request to be reasonable in light of the advanced stage of the settlement negotiations in the D.C. action and

1 the Court's estimation, in consultation with Mr. Hughes, of the probability that those
2 negotiations will be successfully completed prior to Defendant's proposed deadline.
3 Plaintiffs have also failed to persuade the Court that their interests, either individually or on
4 behalf of the proposed class, would be prejudiced in any significant way by a two-month stay
5 of this action.

6      Accordingly, with good cause appearing, IT IS HEREBY ORDERED that
7 Defendant's motion to stay Plaintiffs' class and subclass gender discrimination claims is
8 GRANTED.  Such claims are hereby stayed until March 15, 2007.[1]  If a class settlement is
9 reached in the D.C. action prior to that date, then the Court may consider briefly extending
10 the stay to allow time for the class notice and opt-out process to run its course.  If, however,
11 the parties have not reached a settlement by March 15, then, as Defendant's counsel admitted
12 at oral argument, Defendant will bear an extremely high burden of persuading the Court that
13 an extension of the stay is warranted.  The Court's decision to grant the stay is influenced by
14 the short duration of the requested stay, and the Court will not lightly grant an extension.

15      IT IS FURTHER ORDERED that the parties shall appear for a case management
16 conference on **Monday, April 9, 2007, at 1:30 PM.**  The parties shall meet and confer and
17 file a joint case management conference statement on or before **April 2, 2007.**

19 **IT IS SO ORDERED.**

21 Dated:  01/19/07

                                            THELTON E. HENDERSON, JUDGE
                                            UNITED STATES DISTRICT COURT

---

[1] Defendant does not seek a stay on Plaintiffs' individual race and age discrimination claims, and this order therefore does not affect those claims.

3