1  Kelly M. Dermody (State Bar No. 171716)
   Heather H. Wong (State Bar No. 238546)
2  LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
3  275 Battery Street, 30th Floor
   San Francisco, CA  94111-3339
4  Telephone:  (415) 956-1000
   Facsimile:  (415) 956-1008
5
   *Attorneys for Plaintiffs and the Proposed Class*
6    [Additional Counsel listed on Signature Page]

7  Mark S. Dichter, *admitted Pro Hac Vice*
   MORGAN, LEWIS & BOCKIUS LLP
8  1701 Market Street
   Philadelphia, PA  19103
9  Tel:  215.963.5000
   Fax:  215.963.5001
10
   *Attorneys for Defendant Morgan Stanley & Co.*
11 *Incorporated, f/k/a Morgan Stanley DW Inc.*
     [Additional Counsel listed on Signature Page]
12

13                 UNITED STATES DISTRICT COURT

14              NORTHERN DISTRICT OF CALIFORNIA

15

16 DAISY JAFFE, DENISE WILLIAMS, and        Case No. C-06-3903 TEH
   MARGARET BENAY CURTIS-BAUER,
17 on behalf of themselves and all others   **CLASS ACTION**
   similarly situated,
18
                                            
19       Plaintiffs,
                                            **JOINT STIPULATION AND [~~PROPOSED~~]**
20       v.                                 **ORDER REGARDING FILING OF**
                                            **SECOND AMENDED COMPLAINT**
21 MORGAN STANLEY & CO.
   INCORPORATED, f/k/a MORGAN
22 STANLEY DW INC.

23       Defendant.

24

25

26

27

28

722007.2                       - 1 -          JOINT STIPULATION AND [PROPOSED] ORDER
                                                     CASE NO. C- 06-3903 TEH

1    WHEREAS, on October 12, 2006, Plaintiffs filed a First Amended complaint

2   adding Plaintiff Denise Williams, as well as claims under 42 U.S.C. § 1981 for race

3   discrimination and under the Elliot-Larsen Civil Rights Act, M.C.L.A. §§ 37.2101, *et seq.*, for

4   race and gender discrimination;

5    WHEREAS, Plaintiff Denise Williams has received a notice of right to sue from

6   the EEOC for her claims of classwide race and gender discrimination under Title VII of the Civil

7   Rights Act of 1964;

8    WHEREAS, Plaintiffs seek to amend the First Amended Complaint to add Ms.

9   Williams' Title VII claims, as well as her classwide claims under § 1981 and the M.C.L.A. §§

10  37.2101, *et seq.*, and to add the claims of a new Plaintiff, Margaret Benay Curtis-Bauer;

11   WHEREAS, Plaintiffs have advised Defendant of their request to amend the First

12  Amended Complaint in the form attached as Exhibit 1 and Defendant has consented thereto,

13   IT IS HEREBY STIPULATED, by and between the parties through their

14  respective counsel of record, that Plaintiffs may file the Second Amended Complaint attached as

15  Exhibit 1 hereto.

16   SO STIPULATED.

17

18  Dated:  August 2, 2007                    Respectfully submitted,

19                                           LIEFF, CABRASER, HEIMANN &
                                            BERNSTEIN, LLP
20

21

22  By:  _____/s/ Kelly M. Dermody_____
                                                    Kelly M. Dermody

23                                           Kelly M. Dermody (State Bar No. 171716)
                                            Heather H. Wong (State Bar No. 238546)
24                                           LIEFF, CABRASER, HEIMANN &
                                            BERNSTEIN, LLP
25                                           Embarcadero Center West
                                            275 Battery Street, 30th Floor
26                                           San Francisco, CA  94111-3339
                                            Telephone:  (415) 956-1000
27                                           Facsimile:  (415) 956-1008

28

722007.2                          - 2 -              JOINT STIPULATION AND [PROPOSED] ORDER
                                                     CASE NO. C- 06-3903 TEH

1                         Adam T. Klein (*Pro Hac Vice)*
                                Justin M. Swartz (*Pro Hac Vice)*

2                         Piper Hoffman (*Pro Hac Vice)*
                         OUTTEN & GOLDEN LLP

3                         3 Park Avenue, 29th Floor
                         New York, New York 10016

4                         Telephone: (212) 245-1000
                         Facsimile: (212) 977-4005

5

6                         James M. Finberg (State Bar No. 114850)
                         ALTSHULER BERZON

7                         177 Post Street, Ste. 300
                         San Francisco, CA  94108

8                         Telephone:  (415) 421-7151
                         Facsimile:  (415) 362-8064

9                         *Attorneys for Plaintiffs and the Proposed Class*

10   DATED: August 2, 2007         MORGAN, LEWIS & BOCKIUS LLP

11

12                         By: _____ */s/ Mark S. Dichter*_____
                                   Mark S. Dichter

13                       Mark S. Dichter, *admitted Pro Hac Vice*
                         MORGAN, LEWIS & BOCKIUS LLP

14                       1701 Market Street
                         Philadelphia, PA  19103

15                       Tel:  215.963.5000
                         Fax:  215.963.5001

16

17                       L. Julius M. Turman (State Bar No. 226126)
                         MORGAN, LEWIS & BOCKIUS LLP

18                       One Market, Spear Tower
                         San Francisco, CA  94105

19                       Direct:  (415) 442-1361
                         Fax:  (415) 442-1001

20                       *Attorneys for Defendant Morgan Stanley & Co.*
                       *Incorporated, f/k/a Morgan Stanley DW Inc.*

21

22

23

24

25

26

27

28

1

**ORDER**

2

3      PURSUANT TO STIPULATION, IT IS SO ORDERED.

4

5

6   Dated: _____ August 2 _____, 2007      _____
                                                      The Honorable Thelton E. Henderson
7                                                     United States District Judge

8                                                     IT IS SO ORDERED

9

10                                                    Judge Thelton E. Henderson

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

Kelly M. Dermody (State Bar No. 171716)
Heather H. Wong (State Bar No. 238546)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
email: kdermody@lchb.com
email: hwong@lchb.com

Elizabeth A. Alexander (*pro hac vice*)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
150 Fourth Avenue, North, Suite 1650
Nashville, TN 37219-2423
Telephone: (615) 313-9000
Facsimile: (615) 313-9965
email: ealexander@lchb.com

[Additional counsel listed on signature page]
*Attorneys for the Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| DAISY JAFFE, DENISE WILLIAMS, and MARGARET BENAY CURTIS-BAUER, on behalf of themselves and all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>MORGAN STANLEY & CO. INCORPORATED, f/k/a MORGAN STANLEY DW INC.<br><br>　　　　Defendant. | Case No. C-06-3903 TEH<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF AND DAMAGES FOR VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. §§ 2000e *et seq.*, 42 U.S.C. § 1981, THE CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT, CAL. GOV'T CODE §§ 12940, *et seq.* and the ELLIOT-LARSEN CIVIL RIGHTS ACT, M.C.L.A. §§ 37.2101 *et seq.***<br><br>**DEMAND FOR JURY TRIAL** |

Individual and Representative Plaintiffs Daisy Jaffe, Denise Williams, and Margaret Benay Curtis-Bauer ("Plaintiffs") on behalf of themselves and all others similarly situated, allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## NATURE OF THE CLAIM

1.       Defendant Morgan Stanley & Co. Incorporated. f/k/a Morgan Stanley DW Inc. (hereinafter "MS " or "the Company") contains Global Wealth Management Group (MS-GWMG), which manages MS's retail financial services firm.  MS's retail financial services firm discriminates against African American and Latino (hereinafter, collectively "minority") and female Financial Advisors and Registered Financial Advisor Trainees on the basis of gender, race and/or color with respect to business opportunities, compensation, and other terms and conditions of employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, 42 U.S.C. § 1981, the California Fair Employment and Housing Act, Cal. Gov't Code §§ 12940 *et seq.*, and the Elliot-Larsen Civil Rights Act, M.C.L.A. §§ 37.2101 *et seq.*

2.       The violations are systemic, constituting a pattern and practice that pervades the corporate culture of MS.  They are not isolated or exceptional incidents, but rather the regular and predictable result of Defendant's policies and practices.  Put simply, MS's policies and practices with regard to, among other things, the distribution of the business opportunities, investment accounts, and sales support under its control have the effect, and have been undertaken with the purpose, of denying equal opportunities for compensation to qualified female and minority Financial Advisors and Registered Financial Advisor Trainees.

3.       MS generally pays its Financial Advisors (also called "FAs" or "brokers") on a commission basis—a percentage of the revenue generated by the investment accounts assigned to the FA.

4.       FAs acquire investment accounts through "leads" and "referrals" (e.g., when a Financial Advisor is told of a potential client, the FA contacts the potential client, and the FA enrolls the potential client as a MS customer); by transfers from one Financial Advisor to another (e.g., when another FA moves to another brokerage firm, retires or leaves the business);

through partnerships with other Financial Advisors, and through "walk-ins" and "call-ins" (e.g., when a potential client calls or walks into the branch and inquires about opening an account).

5. MS has implemented company-wide policies and practices for the distribution of accounts, leads, referrals, partnership opportunities, walk-ins, call-ins, and other business opportunities that delegate substantial discretion to MS's virtually all-white-male Branch Managers and allow Branch Managers to rely on inappropriate criteria causing an unlawful adverse impact on women and minorities. MS Branch Managers have extraordinary discretion to distribute accounts and business opportunities as they choose, allowing their gender and race stereotypes and the company-wide culture of gender and race discrimination to influence their decisions. As a result, it has been MS's practice for years to distribute accounts and other business opportunities to white male Financial Advisors in numbers disproportionate to those distributed to similarly-situated female and minority Financial Advisors.

6. Because Financial Advisors obtain so many accounts through this process, rather than on the FAs' own initiative, the distribution of accounts and the allocation of business opportunities are substantial factors affecting the compensation of MS Financial Advisors.

7. These discriminatory policies and practices intentionally and systematically disadvantage female and minority Financial Advisors at MS and prevent them from fairly competing for business opportunities and higher compensation.

8. As troubling as these discriminatory policies and practices are, more disturbing still is the cavalier way in which MS treats the subject of gender and race discrimination against its female and minority Financial Advisors and Registered Financial Advisor Trainees. For example, while MS says, "We focus recruiting efforts on women and provide career development programs including internal women's conferences led by senior women executives," these statements of inclusion are illusory in light of MS's exclusionary practices.

9. Accordingly, this class action is brought by female and minority Financial Advisors and Registered Financial Advisor Trainees on behalf of themselves individually and all similarly-situated female and minority Financial Advisors and Registered Financial Advisor

1  Trainees in the United States against whom MS has discriminated on the basis of gender, race

2  and/or color. This action seeks to end MS's discriminatory policies and/or practices and to make

3  the Plaintiff class whole by requesting the following remedies: injunctive relief to remedy

4  systemic gender, race, and/or color discrimination at MS; an award of back pay and front pay;

5  and compensatory and punitive damages.

6  <u>**JURISDICTION, VENUE AND INTRADISTRICT ASSIGNMENT**</u>

7       10.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8       11.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b). Members

9  of the Plaintiff class reside in California and throughout the United States. Defendant MS is a

10  Delaware corporation, headquartered in New York, and licensed to do business in California. It

11  has branch offices throughout California and this District. Many of the acts complained of

12  occurred in this State and this District and gave rise to the claims alleged.

13       12.     Assignment to the San Francisco/Oakland Division of this Court is proper

14  because Plaintiffs Daisy Jaffe and Margaret Benay Curtis-Bauer reside within this Division and

15  many of the acts complained of took place in this Division.

16  **PARTIES**

17       13.     Plaintiff Daisy Jaffe is a female resident of Hillsboro, California. She was

18  employed as a Financial Advisor in the San Mateo, California office of MS from on or about

19  August 1982 until August 11, 2005. During the course of her employment as a Financial Advisor

20  at MS, MS denied Ms. Jaffe business opportunities on the basis of her gender and age that

21  directly impacted her compensation. MS wrongfully terminated Ms. Jaffe because she is female

22  and over the age of 40.

23       14.     Plaintiff Denise Williams is an African-American female who resides in

24  Northville, Michigan. She is currently employed as a Financial Advisor in the Detroit, Michigan

25  office of MS. Her employment as a Financial Advisor at MS in Detroit began in March 2004.

26  During the course of her employment, MS has denied Ms. Williams business opportunities on the

27  basis of her gender, race, and color that directly impacted her compensation.

28

15.     Plaintiff Margaret Benay Curtis-Bauer is an African-American female who resides in Emeryville, California.  She was employed in the San Francisco, California office of MS from approximately October or November 1989 until November 2002.  She started at MS as a Financial Advisor trainee, and became a registered Financial Advisor in or around 1990.  During the course of her employment, MS has denied Ms. Curtis-Bauer business opportunities on the basis of her race and color that directly impacted her compensation.  MS wrongfully terminated Ms. Curtis-Bauer because she is African-American.

16.     MS was formerly known as Morgan Stanley D.W., a wholly-owned subsidiary of Morgan Stanley.

17.     Morgan Stanley is a global financial firm that provides brokerage and investment banking management services to corporations, governments and individuals around the world.  It maintains leading market positions in each of its business segments – Institutional Securities, Retail Brokerage, Asset Management and Discover (Credit Services).  Morgan Stanley employs approximately 58,333 employees worldwide.  It is a Fortune 500 company doing business in 32 countries and is one of the largest financial institutions in the United States.  It recently reported annual revenues of almost $52.5 billion, a net income of $7.4 billion and assets of $898.5 billion.  Morgan Stanley reported a market value of over $63 billion in its November 2006 SEC 10-K filing.

18.     MS-GWMG is the retail broker-dealer subsidiary of Morgan Stanley.  MS provides comprehensive financial services to clients through a network of approximately 8,000 Financial Advisors with over 500 global locations, including over 450 U.S. retail locations.  As of June 20, 2007, MS had $728 billion in client assets.

### CLASS ACTION ALLEGATIONS

19.     Plaintiffs Jaffe and Williams bring this Class Action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of a Class of all female Financial Advisors and Registered Financial Advisor Trainees employed by MS in the United States at any time from August 5, 2003 to the present (the "Gender Class").  Plaintiff Williams brings this Class Action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of a Class of all African American

Financial Advisors and Registered Financial Advisor Trainees employed by MS in the United States at any time from October 12, 2002 to the present (the "African American Class"), and Plaintiff Curtis Bauer brings this Class Action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of a Class of all minority Financial Advisors and Registered Financial Advisor Trainees employed by MS in the United States at any time from October 12, 2002 to the present (the "Minority Class"). Plaintiff Jaffe also brings this Class Action pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3) on behalf of a Subclass of all female Financial Advisors and Registered Financial Advisor Trainees employed by MS in California at any time from November 1, 2004 to the present (the "California Gender Subclass"). Plaintiff Williams brings this action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of Subclasses of female and African American Financial Advisors and Registered Financial Advisor Trainees employed by MS in Michigan at any time from October 12, 2003 to the present (the "Michigan Gender Subclass" and the "Michigan Race Subclass"). Plaintiffs reserve the right to amend the definitions of the Classes and Subclasses based on discovery or legal developments.

20.     Plaintiffs are members of the Classes and/or Subclasses they seek to represent.

21.     The members of the Classes and Subclasses identified herein are so numerous that joinder of all members is impracticable. As of the filing of this Complaint, MS has approximately 8,000 Financial Advisors. Although the precise number of female and minority Financial Advisors and Registered Financial Advisor Trainees is currently unknown, it is far greater than can be feasibly addressed through joinder.

22.     There are questions of law and fact common to the Classes and Subclasses, and these questions predominate over any questions affecting only individual members. Common questions include, among others: (1) whether MS's policies or practices discriminate against female and minority Financial Advisors and Registered Financial Advisor Trainees; (2) whether MS's policies or practices violate Title VII, Section 1981, the California Fair Employment and Housing Act and/or Michigan's Elliot-Larsen Civil Rights Act; and (3) whether equitable remedies, injunctive relief, compensatory, and punitive damages for the Class are warranted.

23.     The Representative Plaintiffs' claims are typical of the claims of the Classes and Subclasses.  Ms. Jaffe and Ms. Williams are female current or former Financial Advisors of MS who allege gender discrimination.  In addition, Ms. Williams and Ms. Curtis-Bauer are African American current or former Financial Advisors or Financial Advisor Trainees who allege race and color discrimination.

24.     The Representative Plaintiffs will fairly and adequately represent and protect the interests of the members of the Classes and Subclasses.  There are no conflicts between Ms. Jaffe and Ms. Williams and the Gender Class, and there are no conflicts between Ms. Williams and Ms. Curtis-Bauer and the African American and Minority Classes.  Because MS utilizes the same discriminatory practices against both African Americans and Latinos, Ms. Curtis-Bauer is an adequate representative of the Minority Class.  Plaintiffs have retained counsel competent and experienced in complex class actions, employment discrimination litigation, and the intersection thereof.

25.     Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because MS has acted and/or refused to act on grounds generally applicable to the Class and Subclasses, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the Classes and Subclasses.  The Class and Subclass members are entitled to injunctive relief to end MS's common, uniform, unfair, and discriminatory policies and practices.

26.     Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual members of the Classes and Subclasses, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The Class members have been damaged and are entitled to recovery as a result of MS's common, uniform, and discriminatory policies and practices.  MS has computerized account, payroll, and personnel data that will make calculation of damages for specific Class and Subclass members relatively simple.  The propriety and amount of punitive damages are based on the conduct of the Defendant, making these issues common to the Classes and Subclasses.

## GENERAL POLICIES OR PRACTICES OF DISCRIMINATION

27.     The denials and abridgments of employment opportunities suffered by the Representative Plaintiffs are part of a general policy or practice of discrimination on the basis of gender, race, and color in employment that has existed at MS throughout the relevant time period. These are not isolated examples of employment practices or individual decisions.  On the contrary, these incidents are representative of MS's systematic discrimination against female and minority Financial Advisors and Registered Financial Advisor Trainees in favor of white males.

28.     MS systematically recruits, hires, promotes, and retains white males to Financial Advisors and Registered Financial Advisor Trainees positions in all branches throughout the United States.  MS's uniform and company-wide practices exclude women and minorities from Financial Advisors and Financial Advisor Trainees positions.

29.     Because virtually all indicia of success, advancement, and achievement at MS are based on the total dollar amount of the assets a Financial Advisor manages or on the amount or revenue he or she has produced, the ability to acquire new and lucrative accounts is essential to a Financial Advisor's success in the business.  Titles at MS are also based on gross production, total assets, or both.  For example, officer titles, such as "First Vice President" are awarded when a Financial Advisor reaches at least $500,000 in gross production in the course of a year.

30.     MS's nationwide account distribution policies and practices (as well as its policies and practices for distributing other business opportunities) discriminate against women and minorities.  They permit excessive subjectivity by Branch Office Managers and Sales Managers in account assignment and the allocation of business opportunities.  This is a uniform practice across MS offices.  Thus, Branch Office Managers and Sales Managers distribute accounts, referrals, leads, call-ins, walk-ins, and other business opportunities to the FAs based on the Branch Office Managers' and Sales Managers' biased personal preferences.

31.     By entrusting Branch Office Managers and Sales Managers, virtually all of whom are white men, with undue discretion in these matters, MS maintains a system whereby the Branch Office Managers and Sales Managers apply their own personal preferences and biases in

making distribution decisions in a way that systematically disadvantages women and minorities, and limits their compensation.

32.     MS has implemented policies or practices that have denied or restricted the availability of business opportunities, compensation, and other favorable employment conditions to qualified female and minority Financial Advisors and Registered Financial Advisor Trainees. Such discriminatory policies or practices include, without limitation:

a.     Systematically discriminating against women and minorities in allocating accounts and business opportunities that impact their opportunities for increased compensation, including, but not limited to, leads, call-ins, walk-ins, accounts from departing or retiring brokers' books, sales support, office allocation, partnership formation and partnership splits, and other sources of business and production;

b.     Establishing and maintaining arbitrary and subjective policies or systems regarding business allocation and account distribution that have had the effect of denying compensation to qualified women and minorities;

c.     Relying upon unweighted, subjective, gender-based, race-based, color-based,  and/or arbitrary criteria utilized by a nearly all-white-male managerial workforce in making business allocation decisions that directly impact FAs' compensation;

d.     Denying women and minorities opportunities to increase their commissions and other earnings;

e.     Maintaining a discriminatory, gender-biased, race-biased, and color-biased, corporate culture;

f.     Establishing and maintaining discriminatory recruitment, hiring, and assignment policies or systems that have had the effect of denying Financial Advisor and Registered Financial Advisor Trainee positions to qualified women and minorities; and

g.     Making employment decisions based on gender or race stereotypes.

33.     Further compounding each of these discriminatory policies or practices, MS has failed to monitor its policies and practices to determine how these policies and practices systematically disadvantage women and minorities.

- 8 -

**CLAIMS OF REPRESENTATIVE PLAINTIFF JAFFE**

34. Plaintiff Daisy Jaffe worked as a Financial Advisor from approximately August 1982 to August 11, 2005 in the San Mateo, California office of MS. During the course of her employment, MS denied her compensation, business opportunities, titles and other conditions of employment that it made available to similarly-situated male Financial Advisors.

35. In what MS called a "reduction in force," it terminated Ms. Jaffe's employment on August 11, 2005. Morgan Stanley unlawfully terminated Ms. Jaffe because she is a female and is over 40.

36. Since the beginning of her employment with MS, MS has denied Ms. Jaffe compensation that it made available to similarly-situated male Financial Advisors. MS routinely distributed business opportunities, including accounts from departing and retiring brokers, referrals, leads, call-ins and walk-ins, and potential clients, to male Financial Advisors, rather than to female Financial Advisors. As a result of the inequitable and discriminatory distribution of accounts and account prospects, female Financial Advisors have diminished income potential and diminished actual income as compared to similarly-situated male employees. MS has also favored younger Financial Advisors in account distribution and the allocation of business opportunities. For example, in 2005, MS distributed almost all the accounts of a retiring Financial Advisor to male Financial Advisors who were younger than Ms. Jaffe and who had no more qualifications than she. Similarly, MS distributed almost all the accounts of two other departing Financial Advisors to younger, male Financial Advisors who were no more qualified than Ms. Jaffe.

37. During the course of her employment, MS also did not allocate any significant walk-in or call-in business to Ms. Jaffe, while it did allocate such business to similarly-situated younger male Financial Advisors. MS denied Ms. Jaffe these opportunities due to her gender and age.

38. MS also discriminated against Ms. Jaffe as an individual based on gender by denying her desirable office assignments. At the same time, it provided desirable office assignments to similarly-situated male Financial Advisors. MS did not permit Ms. Jaffe to have a

1   desirable upstairs office, where the offices of similarly-situated male broker were located.

2   Similarly, MS denied Ms. Jaffe's request to relocate to the Palo Alto office after the San Mateo

3   office was evacuated in October 2004 due to a flood.  MS permitted similarly-situated male

4   Financial Advisors to relocate while it forced Ms. Jaffe to work from home.  By discriminating

5   against her with respect to these terms and conditions of her employment, MS diminished the

6   amount of Ms. Jaffe's compensation.

7           39.     By denying compensation to Ms. Jaffe that it made available to similarly-

8   situated male Financial Advisors, MS has also denied her the ability to reach earnings tiers with

9   prestigious titles and greater income opportunities, which MS awarded based on a Financial

10  Advisor's level of compensation.

11          40.     MS terminated Ms. Jaffe's employment due to the fact that she is female

12  and over the age of 40.  At the time she was terminated, she held the title of First Vice President.

13  This title was given to her because her annual production was at least $500,000.  At the time MS

14  terminated Ms. Jaffe, similarly-situated men (including younger men) with fewer qualifications

15  than she were not terminated.  MS's stated reason for her termination at the time was that her

16  production levels were not adequate.  Ms. Jaffe's production levels were diminished, however,

17  only because MS discriminated against her with respect to account distribution and business

18  opportunities, and through its refusal to permit her to relocate to a working office in 2004.

19          41.     On or about November 1, 2005, Ms. Jaffe filed a charge of discrimination

20  with the California Department of Fair Employment and Housing ("DFEH") and the Equal

21  Employment Opportunity Commission ("EEOC").  On April 12, 2006, she received a Notice of

22  Right to Sue from the DFEH.  On June 22, 2006, she received a Notice of Right to Sue from the

23  EEOC.  Her charge and Notices of Right to Sue from the EEOC and DFEH are attached to this

24  Complaint as Exhibit A and are incorporated herein by reference.

25          **CLAIMS OF REPRESENTATIVE PLAINTIFF DENISE WILLIAMS**

26          42.     Plaintiff Denise Williams has worked as a Financial Advisor since March

27  2004 in the Detroit, Michigan office of MS.  Ms. Williams is a current employee in that office.

28  During the course of her employment, MS denied her compensation, business opportunities,

1    corporate-officer titles and other conditions of employment that it made available to similarly-
2    situated white male Financial Advisors.

3         43.    Since the beginning of her employment with MS, MS has denied Ms.
4    Williams compensation that it made available to similarly-situated white male Financial
5    Advisors.  MS routinely distributed business opportunities, including accounts from departing
6    and retiring brokers, referrals, leads, call-ins and walk-ins, and potential clients, to white male
7    Financial Advisors, rather than to Ms. Williams.   As a result of the inequitable and
8    discriminatory distribution of accounts and account prospects, female and African American
9    Financial Advisors have diminished income potential and diminished actual income as compared
10   to similarly-situated white male employees.  As a result of the inequitable and discriminatory
11   distribution of accounts and account prospects, Ms. Williams had diminished income potential
12   and diminished actual income as compared to similarly-situated white male employees.

13        44.    On or about November 2005, MS transferred a group of accounts from a
14   senior broker to a white male Financial Advisor with fewer qualifications than Ms. Williams.  MS
15   did not provide Ms. Williams with similar account distributions.

16        45.    Also, since approximately October 2005, a number of Financial Advisors
17   have resigned from the Detroit office of MS, including one who resigned in approximately May
18   or June 2006.  MS distributed accounts of greater value from these brokers' books of business to
19   a white male Financial Advisor who is similarly-situated to Ms. Williams than it distributed to
20   her.  In some cases, MS gave Ms. Williams no accounts from these departing brokers.

21        46.    Also, while a similarly-situated white male broker was permitted to enter
22   into a lucrative partnership with a senior broker, Ms. Williams' Branch Office Manager told her
23   that no one wanted to enter a partnership with her.

24        47.    By discriminating against her with respect to these and other business
25   opportunities, MS diminished Ms. Williams' compensation.  MS denied Ms. Williams these
26   opportunities due to her gender and race.

27        48.    Ms. Williams was also subject to retaliation for complaints of gender and
28   race discrimination she made to her Branch Office Manager starting in the Summer of 2005.

1    Among other things, Ms. Williams complained that she was not given the same opportunities for

2    compensation as her white male colleagues.  Ms. Williams also complained to her Branch Office

3    Manager of the hostile environment she suffers as a result of her race.

4            49.     After Ms. Williams complained of  gender and race discrimination to her

5    Branch Office Manager, MS isolated her, including excluding her from Company functions.  MS

6    also moved her from her office into the bull pen, which is a space reserved for rookie brokers.

7    Other similarly-situated white male employees were not required to move into the bull pen.

8            50.     By discriminating against her with respect to these terms and conditions of

9    her employment, MS has diminished the amount of Ms. Williams' compensation.

10           51.     By denying compensation to Ms. Williams that it made available to

11   similarly-situated white male Financial Advisors, MS has also denied her the ability to reach

12   earnings tiers with prestigious titles and greater income opportunities, which MS awarded based

13   on a Financial Advisor's level of compensation.

14           52.     On or about October 10, 2006, Ms. Williams filed a charge of

15   discrimination with the Michigan Department of Civil Rights ("MDCR") and the Equal

16   Employment Opportunity Commission ("EEOC"), which she subsequently amended.  On

17   December 5, 2006, she received a Notice of Right to Sue from the EEOC.  Her charges and

18   Notice of Right to Sue from the EEOC are attached to this Complaint as Exhibit B and are

19   incorporated herein by reference.

20   **CLAIMS OF REPRESENTATIVE PLAINTIFF MARGARET BENAY CURTIS-BAUER**

21           53.     Plaintiff Margaret Benay Curtis-Bauer was employed in the San Francisco,

22   California office of MS from approximately October or November 1989 until November 2002.

23   She started at MS as a Financial Advisor Trainee, and became a registered Financial Advisor in or

24   around 1990.  During the course of her employment, MS denied her compensation, business

25   opportunities, titles and other conditions of employment that it made available to similarly-

26   situated  non-minority Financial Advisors.

27           54.     Since the beginning of her employment with MS, MS has denied Ms.

28   Curtis-Bauer compensation that it made available to similarly-situated  non-minority Financial

1  Advisors. MS routinely distributed business opportunities, including accounts from departing

2  and retiring brokers, referrals, leads, call-ins and walk-ins, and potential clients, to white

3  Financial Advisors, rather than to Ms. Curtis-Bauer. As a result of the inequitable and

4  discriminatory distribution of accounts and account prospects, minority Financial Advisors like

5  Ms. Curtis-Bauer have diminished income potential and diminished actual income as compared to

6  similarly-situated white employees.

7        55.    During the course of her employment at MS, MS distributed the accounts

8  of departing and/or retiring brokers to non-minority Financial Advisors with fewer qualifications

9  than Ms. Curtis-Bauer. In some cases, MS gave Ms. Curtis-Bauer no accounts from these

10  departing and/or retiring brokers.

11        56.    On the rare occasions when MS assigned a lead or referral to Ms. Curtis-

12  Bauer, the accounts were of minimal value or had debits. For the accounts assigned to Ms.

13  Curtis-Bauer with a debit, she had to collect the money owed by the client for the inactivity fee or

14  IRA fee. If Ms. Curtis-Bauer was unable to collect the fee from the client, MS required her to

15  either sell assets to pay the fee or MS would take the fee out of Ms. Curtis-Bauer's commission.

16        57.    Also, while similarly-situated non-minority brokers were permitted to enter

17  into lucrative partnership with senior brokers, Ms. Curtis-Bauer was not given this opportunity.

18  Ms. Curtis-Bauer's Branch Office Managers often helped junior white brokers partner with senior

19  brokers, but none of her Branch Office Managers helped Ms. Curtis-Bauer enter into a

20  partnership.

21        58.    MS also discriminated against Ms. Curtis-Bauer as an individual based on

22  race by denying her desirable office assignments. At the same time, it provided desirable office

23  assignments to similarly-situated white Financial Advisors. MS did not assign Ms. Curtis-Bauer

24  to an office until after she had worked at MS for over 10 years. Instead, MS kept Ms. Curtis-

25  Bauer in the bullpen, an open area intended for Financial Advisor trainees and rookie brokers.

26  During the more than 10 years that MS kept Ms. Curtis-Bauer in the bullpen, MS assigned

27  similarly-situated non-minority Financial Advisors to offices. Ms. Curtis-Bauer knows that

28  offices were available for her during the more than 10 years she remained in the bullpen because

1  MS assigned similarly-situated non-minority Financial Advisors who started after her to available

2  offices.

3      59.     MS also denied Ms. Curtis-Bauer other business opportunities and

4  advancement into management arising out of low production.  For example, Ms. Curtis-Bauer

5  asked her Branch Office Manager if she could be appointed as the point person for ICS Managed

6  Accounts business, which would have provided her the opportunity to inform Financial Advisors

7  about recent developments with managed accounts.  Despite her requests, MS assigned this

8  position to non-minority employees who were no more qualified than Ms. Curtis-Bauer, including

9  a Sales Assistant who was not a registered broker.

10     60.     In addition, MS denied Ms. Curtis-Bauer the opportunity to put on targeted

11  seminars to build her book of business.  For example, Ms. Curtis-Bauer planned a seminar

12  targeted to accountants in an effort to increase her business.  Her Branch Office Manager did not

13  allow her to proceed with the seminar, even though she had already paid a deposit for a room and

14  had printed special invitations.  Ms. Curtis-Bauer's Branch Office Manager told her that other

15  non-minority Financial Advisors had a monopoly on the accountant seminars.

16     61.     MS also did not support Ms. Curtis-Bauer in her networking efforts.  For

17  example, Ms. Curtis-Bauer asked her Branch Office Manager if she could stay at MS's company-

18  owned hotel room while she attended a roundtable for Black Enterprise Magazine, in which she

19  had been invited to speak.  Although Ms. Curtis-Bauer offered to pay for her own airfare, MS

20  denied her request to stay in its company-owned room.  Her Branch Office Manager told her that

21  her participation in this event would not result in any business.

22     62.     By discriminating against her with respect to these and other business

23  opportunities, MS diminished Ms. Curtis-Bauer' compensation.  MS denied Ms. Curtis-Bauer

24  these opportunities due to her race and color.

25     63.     By denying compensation to Ms. Curtis-Bauer that it made available to

26  similarly-situated non-minority Financial Advisors, MS has also denied her the ability to reach

27  earnings tiers with prestigious titles and greater income opportunities, which MS awarded based

28  on a Financial Advisor's level of compensation.

- 14 -                    SECOND AMENDED CLASS ACTION COMPLAINT
                                                                                        CASE NO. 06-3903 TEH

64.     In what MS called a "reduction in force," it terminated Ms. Curtis-Bauer's employment in or around November 2002.  MS unlawfully terminated Ms. Curtis-Bauer because she is African American.

65.     At the time MS terminated Ms. Curtis-Bauer, non-minority Financial Advisors with less seniority than her were not terminated.  MS's stated reason for her termination at the time was that her production levels did not meet MS's threshold.  Ms. Curtis-Bauer's production levels were diminished, however, only because MS discriminated against her with respect to account distribution and business opportunities.

## FIRST CLAIM FOR RELIEF
### (Intentional Gender Discrimination)
### (Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*)
### (On behalf of Plaintiffs Jaffe and Williams and the Gender Class)

66.     Plaintiffs incorporate the preceding paragraphs as alleged above.

67.     This Claim is brought by Representative Plaintiffs Jaffe and Williams on behalf of themselves and the Gender Class they represent.  Plaintiffs have timely filed charges with the EEOC making classwide claims of discrimination as well as individual claims, and have received Notices of Right to Sue from the EEOC.  Plaintiffs have exhausted their administrative remedies on their own behalf and on behalf of the Gender Class at the time of filing.

68.     MS has maintained a system that is discriminatory, excessively subjective, standardless, and/or arbitrary with respect to the distribution of accounts and business opportunities, compensation and other terms and conditions of employment.  MS's discriminatory policies or practices described above have denied female Financial Advisors and Registered Financial Advisor Trainees business opportunities and compensation, including past and future wages and other job benefits, as compared to similarly-situated male Financial Advisors and Registered Financial Advisor Trainees.

69.     Defendant has intentionally discriminated against Plaintiffs Jaffe and Williams and the Gender Class by maintaining a pattern or practice of denying business opportunities and accounts that directly affect compensation to qualified female Financial

- 15 -

1  Advisors and Registered Financial Advisor Trainees on the basis of sex. The foregoing conduct

2  constitutes illegal, intentional discrimination as unjustified disparate treatment prohibited by 42

3  U.S.C. §§ 2000e *et seq.*

4         70.    The class period for the Title VII gender class is from August 5, 2003 to

5  present.

6         71.    Plaintiffs request relief as hereinafter described.

7  **SECOND CLAIM FOR RELIEF**
   **(Disparate Impact Gender Discrimination)**

8  **(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*)**
   **(On behalf of Plaintiffs Jaffe and Williams and the Gender Class)**

9

10        72.    Plaintiffs incorporate the preceding paragraphs as alleged above.

11        73.    This Claim is brought by Representative Plaintiffs Jaffe and Williams on

12  behalf of themselves and the Gender Class they represent. Plaintiffs Jaffe and Williams filed

13  timely charges of discrimination with the EEOC making classwide claims of discrimination as

14  well as individual claims, and have received Notices of Right to Sue from the EEOC. Plaintiffs

15  Jaffe and Williams have exhausted their administrative remedies on their own behalf and on

16  behalf of the Class at the time of filing.

17        74.    MS has maintained a system and/or policies that are discriminatory,

18  excessively subjective, standardless, and/or arbitrary with respect to the distribution of accounts

19  and business opportunities which affect compensation and other terms and conditions of

20  employment. This system has an adverse impact on female employees and is not, and cannot be,

21  justified by business necessity. Even if this system could be justified by business necessity, less

22  discriminatory alternatives exist and would equally serve any alleged necessity.

23        75.    The class period for the Title VII gender class is from August 5, 2003 to

24  present.

25        76.    Plaintiffs request relief as hereinafter described.

26

27

28

720105.5

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 06-3903 TEH

1

2

3

### THIRD CLAIM FOR RELIEF
**(Intentional Race and Color Discrimination)**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*)**
**(On behalf of Plaintiff Williams and the African American Class)**

4         77.     Plaintiffs incorporate the preceding paragraphs as alleged above.

5         78.     This Claim is brought by Representative Plaintiff Williams on behalf of

6 herself and the African American Class she represents. Plaintiff has timely filed a charge with the

7 EEOC making classwide claims of discrimination as well as individual claims, and has received a

8 Notice of Right to Sue from the EEOC. Plaintiff Williams has exhausted her administrative

9 remedies on her own behalf and on behalf of the Class at the time of filing.

10         79.     MS has maintained a system that is discriminatory, excessively subjective,

11 standardless, and/or arbitrary with respect to the distribution of accounts and business

12 opportunities, compensation and other terms and conditions of employment. MS's discriminatory

13 policies or practices described above have denied African American Financial Advisors and

14 Registered Financial Advisor Trainees business opportunities and compensation, including past

15 and future wages and other job benefits, as compared to similarly-situated white Financial

16 Advisors and Registered Financial Advisor Trainees.

17         80.     Defendant has intentionally discriminated against Plaintiff Williams and

18 the Class by maintaining a pattern or practice of denying business opportunities and accounts that

19 directly affect compensation to qualified African American Financial Advisors and Registered

20 Financial Advisor Trainees on the basis of race and/or color. The foregoing conduct constitutes

21 illegal, intentional discrimination as unjustified disparate treatment prohibited by 42 U.S.C. §§

22 2000e *et seq.*

23         81.     The class period for the Title VII race class is from December 14, 2005 to

24 present.

25         82.     Plaintiffs request relief as hereinafter provided.

26

27

28

**FOURTH CLAIM FOR RELIEF**
**(Disparate Impact Race and Color Discrimination)**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*)**
**(On behalf of Plaintiff Williams and the African American Class)**

83.     Plaintiffs incorporate the preceding paragraphs as alleged above.

84.     This Claim is brought by Representative Plaintiff Williams on behalf of herself and the African American Class she represents.  Plaintiff Williams filed a timely charge of discrimination with the EEOC making classwide claims of discrimination as well as individual claims, and has received a Notice of Right to Sue from the EEOC.  Plaintiff Williams has exhausted her administrative remedies on her own behalf and on behalf of the Class at the time of filing.

85.     MS has maintained a system and/or policies that are discriminatory, excessively subjective, standardless, and/or arbitrary with respect to the distribution of accounts and business opportunities which affect compensation and other terms and conditions of employment.  This system has an adverse impact on African American employees and is not, and cannot be, justified by business necessity.  Even if this system could be justified by business necessity, less discriminatory alternatives exist and would equally serve any alleged necessity.

86.     The class period for the Title VII race class is from December 14, 2005 to present.

87.     Plaintiffs request relief as hereinafter provided.

**FIFTH CLAIM FOR RELIEF**
**42 U.S.C. § 1981**
**(On behalf of Plaintiff Curtis-Bauer and the Minority Class)**

88.     Plaintiffs incorporate the preceding paragraphs as alleged above.

89.     This Claim is brought by Representative Plaintiff Curtis-Bauer on behalf of herself and the Minority Class she represents.

90.     As described herein, MS's constitutes illegal intentional race, and/or color discrimination with respect to the making, performance, modification, and termination of contracts prohibited by 42 U.S.C. § 1981.

91.     The class period for the § 1981 race class is from October 12, 2002 to present.

92.     Plaintiffs request relief as hereinafter provided.

### SIXTH CLAIM FOR RELIEF
#### 42 U.S.C. § 1981
**(On behalf of Plaintiff Williams and the African American Class)**

93.     Plaintiffs incorporate the preceding paragraphs as alleged above.

94.     This Claim is brought by Representative Plaintiff Williams on behalf of herself and the African American Class she represents.

95.     As described herein, MS's constitutes illegal intentional race, and/or color discrimination with respect to the making, performance, modification, and termination of contracts prohibited by 42 U.S.C. § 1981.

96.     The class period for the § 1981 race class is from October 12, 2002 to present.

97.     Plaintiffs request relief as hereinafter provided.

### SEVENTH CLAIM FOR RELIEF
#### (Gender Discrimination)
**(California Fair Employment and Housing Act, Cal. Gov't Code §§ 12940 *et seq.*)**
**(On behalf of Plaintiff Jaffe and the California Gender Subclass)**

98.     Plaintiffs incorporate the preceding paragraphs as alleged above.

99.     This claim is brought on behalf of Plaintiff Daisy Jaffe and the California Gender Subclass she represents.

100.     As described herein, MS's actions constitute gender discrimination in violation of the California Fair Employment and Housing Act (FEHA).  Plaintiff Daisy Jaffe received a Right to Sue letter from the DFEH on April 12, 2006.  The pendency of an EEOC investigation into Plaintiff Jaffe's charges tolls the time limit for filing a civil action pursuant to the FEHA.  Plaintiffs have timely complied with all prerequisites to sue.

101.     The class period for the FEHA gender subclass is from November 1, 2004 to present.

102.    Plaintiffs request relief as hereinafter provided.

**EIGHTH CLAIM FOR RELIEF**
**(Gender Discrimination)**
**(Elliot-Larsen Civil Rights Act, M.C.L.A. §§ 37.2101 *et seq.*)**
**(On behalf of Plaintiff Williams and the Michigan Gender Subclass)**

103.    Plaintiffs incorporate the preceding paragraphs as alleged above.

104.    This claim is brought on behalf of Plaintiff Denise Williams and the Michigan Gender Subclass she represents.

105.    As described herein, MS's actions constitute gender discrimination in violation of Michigan's Elliot-Larsen Civil Rights Act.  Plaintiff Denise Williams has filed a Charge of Discrimination with the Michigan Department of Civil Rights.  Plaintiff has timely complied with all prerequisites to sue on her own behalf and on behalf of the Subclass at the time of filing.

106.    The class period for the Elliot-Larsen Civil Rights Act gender subclass is from October 12, 2003 to present.

107.    Plaintiffs request relief as hereinafter provided.

**NINTH CLAIM FOR RELIEF**
**(Race Discrimination)**
**(Elliot-Larsen Civil Rights Act, M.C.L.A. §§ 37.2101 *et seq.*)**
**(On behalf of Plaintiff Williams and the Michigan Race Subclass)**

108.    Plaintiffs incorporate the preceding paragraphs as alleged above.

109.    This Claim is brought by the Representative Plaintiff Williams on behalf of herself and the Michigan Race Subclass she represents.

110.    As described herein, MS's actions constitute race discrimination in violation of Michigan's Elliot-Larsen Civil Rights Act, M.C.L.A. §§ 37.2101 *et seq*.  Plaintiff Williams has filed a charge of discrimination making classwide claims with the Michigan Department of Civil Rights.  Plaintiff has timely complied with all prerequisites to sue on her own behalf and on behalf of the Subclass at the time of filing.

111.    The class period for the Elliot-Larsen Civil Rights Act Race subclass is from October 12, 2003 to present.

1    112.    Plaintiffs request relief as hereinafter provided.

2                    **TENTH CLAIM FOR RELIEF**
                         **(Age Discrimination)**
3    **(Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 et seq.)**
                    **(On behalf of Plaintiff Jaffe only)**
4

5    113.    Plaintiff Jaffe incorporates the preceding paragraphs as alleged above.

6    114.    This claim is brought on behalf of Daisy Jaffe only.

7    115.    As described herein, MS's actions constitute age discrimination against

8    Plaintiff Jaffe in violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§

9    621 *et seq.*

10   116.    Plaintiff Jaffe has filed a timely charge with the EEOC making individual

11   claims of age discrimination and has received a Notice of Right to Sue from the EEOC.  Plaintiff

12   has exhausted her administrative remedies on her own behalf with respect to this claim at the time

13   of filing.

14   117.    Plaintiff Jaffe requests relief as hereinafter provided.

15                  **ELEVENTH CLAIM FOR RELIEF**
                         **(Age Discrimination)**
16   **(California Fair Employment and Housing Act, Cal. Gov't Code §§ 12940 *et seq.*)**
                    **(On behalf of Plaintiff Jaffe only)**
17

18   118.    Plaintiff Jaffe incorporates the preceding paragraphs as alleged above.

19   119.    This claim is brought on behalf of Daisy Jaffe only.

20   120.    As described herein, MS's actions constitute age discrimination against

21   Daisy Jaffe in violation of the California FEHA.  Plaintiff Daisy Jaffe received a Right to Sue

22   letter from the DFEH on April 12, 2006.  The pendency of an EEOC investigation into Plaintiff

23   Jaffe's charges tolled the time limit for filing a civil action pursuant to the FEHA.  Plaintiff has

24   timely complied with all prerequisites to sue.

25   121.    Plaintiff Jaffe requests relief as hereinafter provided.

26                  **ALLEGATIONS REGARDING RELIEF**

27   122.    Plaintiffs and the Classes and Subclasses they seeks to represent have no

28   plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and the

---

720105.5                          - 21 -        SECOND AMENDED CLASS ACTION COMPLAINT
                                                        CASE NO. 06-3903 TEH

1   injunctive relief sought in this action is the only means of securing complete and adequate relief.

2   Plaintiffs and the Classes and Subclasses they seek to represent are now suffering, and will

3   continue to suffer, irreparable injury from Defendant's discriminatory acts and omissions.

4          123.   MS's actions have caused and continue to cause Plaintiffs and all Class and

5   Subclass members substantial losses in earnings and other employment benefits.

6          124.   In addition, Plaintiffs, the Classes, and Subclasses suffer and continue to

7   suffer humiliation, embarrassment, and anguish, all to their damage in an amount according to

8   proof.

9          125.   MS performed the acts herein alleged with malice or reckless indifference.

10   Plaintiffs, the Class and Subclass members are thus entitled to recover punitive damages in an

11   amount according to proof.

## PRAYER FOR RELIEF

13      WHEREFORE, Plaintiffs, the Classes and Subclasses pray for relief as follows:

14          126.   Certification of the case as a class action on behalf of the proposed Classes

15   and Subclasses;

16          127.   Designation of Representative Plaintiffs Jaffe and Williams as

17   representatives of the Gender Class, designation of Representative Plaintiff Curtis-Bauer as the

18   representative of the Minority Class, designation of Representative Plaintiff Williams as the

19   representative of the African American Class, designation of Representative Plaintiff Jaffe as the

20   representative of the California Gender Subclass, designation of Representative Williams as the

21   representative of the Michigan Gender Subclass, and designation of Representative Williams as

22   the representative of the Michigan Race Subclass;

23          128.   Designation of Representative Plaintiffs' counsel of record as Class

24   counsel;

25          129.   A declaratory judgment that the practices complained of herein are

26   unlawful and violate 42 U.S.C. §§ 2000e, *et seq.*, 42 U.S.C. § 1981; the California FEHA, Cal.

27   Gov't Code §§ 12940 *et seq.*, and the Elliot-Larsen Civil Rights Act, M.C.L.A. § 37.2101, *et seq.*;

28

130.     A preliminary and permanent injunction against MS and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful policies, practices, customs, and usages set forth herein;

131.     An order that MS institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees regardless of gender, race and color, and that it eradicate the effects of its past and present unlawful employment practices;

132.     An order restoring Plaintiffs Jaffe and Curtis-Bauer to their rightful positions at MS, or in lieu of reinstatement, an order for front pay benefits;

133.     Back pay (including interest and benefits) for Plaintiffs and individual Class and Subclass members;

134.     All damages sustained as a result of MS's conduct, including damages for emotional distress, humiliation, embarrassment, and anguish, according to proof;

135.     Exemplary and punitive damages in an amount commensurate with MS's ability to pay and to deter future conduct;

136.     Costs incurred herein, including reasonable attorneys' fees to the extent allowable by law;

137.     Pre-judgment and post-judgment interest, as provided by law; and

138.     Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

1

Dated: August 2, 2007

2

Respectfully submitted,

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP

3

4

5

By: _/s/ Kelly M. Dermody_____
Kelly M. Dermody

6

7

8

9

10

Kelly M. Dermody (State Bar No. 171716)
Heather H. Wong (State Bar No. 238546)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

11

12

13

14

15

Elizabeth A. Alexander (*pro hac vice*)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
150 Fourth Avenue, North, Suite 1650
Nashville, TN  37219-2423
Telephone:  (615) 313-9000
Facsimile:  (615) 313-9965

16

17

18

19

Adam T. Klein
Piper Hoffman (*pro hac vice*)
Justin M. Swartz (*pro hac vice*)
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone:  (212) 245-1000
Facsimile:  (212) 977-4005

20

21

22

23

James M. Finberg (State Bar No. 114850)
ALTSHULER BERZON
177 Post Street, Ste. 300
San Francisco, CA  94108
Telephone:  (415) 421-7151
Facsimile:  (415) 362-8064

24

*Attorneys for Plaintiffs*

25

26

27

28

720105.5

- 24 -

SECOND AMENDED CLASS ACTION COMPLAINT
CASE NO. 06-3903 TEH

# DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated:  August 2, 2007

Respectfully submitted,

LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP


By:  _/s/ Kelly M. Dermody_
                  Kelly M. Dermody

Kelly M. Dermody (State Bar No. 171716)
Heather H. Wong (State Bar No. 238546)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
Embarcadero Center West
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

Elizabeth A. Alexander *(pro hac vice)*
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
150 Fourth Avenue, North, Suite 1650
Nashville, TN  37219-2423
Telephone:  (615) 313-9000
Facsimile:  (615) 313-9965

Adam T. Klein
Piper Hoffman *(pro hac vice)*
Justin M. Swartz (*pro hac vice*)
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, New York 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005

James M. Finberg (State Bar No. 114850)
ALTSHULER BERZON
177 Post Street, Ste. 300
San Francisco, CA  94108
Telephone:  (415) 421-7151
Facsimile:  (415) 362-8064

*Attorneys for Plaintiffs*

- 25 -

# EXHIBIT A

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA <br> ☒ EEOC | 370-2006-00197 |

| California Department Of Fair Employment & Housing | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(Indicate Mr., Ms., Mrs.)* | Home Phone No. *(Incl Area Code)* | Date of Birth |
|---|---|---|
| Ms. Daisy  Jaffe | | 08-20-1954 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 3835 Ralston Avenue, Hillsboro, CA 94010 | | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| MORGAN STANLEY DEAN WITTER | 500 or More | (650) 340-6500 |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| 181 East Second Ave.,  San Mateo, CA 94401 | | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code | |
|---|---|---|
| | | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ OTHER *(Specify below.)*

| DATE(S) DISCRIMINATION TOOK PLACE | |
|---|---|
| Earliest | Latest |
| | 12-01-2005 |

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**See Attached**

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

| | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT <br><br> SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

| Date | Charging Party Signature | |
|---|---|---|
| | | |

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ FEPA<br>■ EEOC | |

CA DEPT FAIR EMPLOYMENT AND HOUSING and EEOC
*State or local Agency, if any*

| NAME (indicate Mr., Ms. or Mrs.)<br><br>Ms. Daisy Jaffe | HOME TELEPHONE (include area code) |
|---|---|

| STREET ADDRESS            CITY, STATE AND ZIP CODE<br><br>3835 Ralston Avenue<br>Hillsboro, CA 94010 | DATE OF BIRTH<br><br>08/20/54 |
|---|---|

**NAME OF THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** (If more than one, list below.)

| NAME<br><br>Morgan Stanley Dean Witter | NUMBER OF EMPLOYEES, MEMBERS<br><br>Cat. D (500+) | TELEPHONE (include area code)<br><br>(650) 340-6500 |
|---|---|---|

| STREET ADDRESS            CITY, STATE AND ZIP CODE<br><br>181 East Second Avenue<br>San Mateo, California 94010 | COUNTY<br><br>San Mateo |
|---|---|

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE<br>*EARLIEST            LATEST* |
|---|---|
| ☐ RACE  ☐ COLOR  ■ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br><br>☐ RETALIATION  ■ AGE  ☐ DISABILITY  ☐ OTHER (specify) | October 28 2004 - Present<br><br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I.    Overview of Allegations
       1.    This sex discrimination charge is filed on behalf of myself, Daisy Jaffe, and all others similarly situated. Like other female employees of Morgan Stanley Dean Witter (hereafter "Morgan Stanley"), I have been harmed by a continuing pattern and practice or policy of sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and the California Fair Employment Housing Act ("FEHA"), Cal. Gov't Code § 12940, et seq. I also bring this charge under he Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., and FEHA on behalf of myself and all other similarly situated employees over age 40 who, like myself, have been harmed by a continuing pattern and practice or policy of age discrimination.

II.    Work History
       2.    I was hired as a Financial Consultant by Morgan Stanley on or about August 1982, in the San Mateo, California office. Morgan Stanley terminated my employment on August 11, 2005.

| ■ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedure. | NOTARY - (When necessary for State and Local Requirements)<br><br><br>I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct.<br><br>10/28/05     *Daisy Jaffe*<br>Date        Charging Party (signature) | SIGNATURE OF COMPLAINANT<br><br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day, month, and year) Oct, 28, 2005<br>State |

**CHARGING PARTY COPY**

Subscribed and sworn or affirmed)
Before me on this 28 day of Oct, 2005, by
Daisy Jaffe
personally known to me or proved to me on
the basis of satisfactory evidence to be the
person(s) who appeared before me.
Signature

THAHER A. SHEHADEH
COMM. #1412311
NOTARY PUBLIC - CALIFORNIA
SAN MATEO COUNTY
My Comm. Expires May 17, 2007

474094.1

Daisy Jaffe
<u>Charge of Discrimination</u>

The Particulars Are (continued):

**III.    Claims**

3.    <u>Compensation and Promotion</u>:  I believe that I have been denied compensation made available to similarly-situated male employees. I also believe that I have been denied compensation made available to similarly-situated employees under the age of 40.

Morgan Stanley routinely distributed business opportunities, including accounts from departing and retiring brokers, referrals, leads, call-ins and walk-ins, and potential clients, to male Financial Consultants and/or Financial Consultants under the age of 40, rather than to female Financial Consultants and/or Financial Consultants above the age of 40.  As a result of the inequitable and discriminatory distribution of accounts and account prospects, female Financial Consultants and Financial Consultants who are 40 years old or older have diminished income potential and diminished actual income as compared to similarly-situated male employees and as compared to similarly-situated employees under the age of 40.

Specifically, in the last year, Morgan Stanley distributed the accounts of a retiring Financial Consultant, Frank Donohue, to younger, male Financial Consultants with no more qualifications than me.  Similarly, Morgan Stanley distributed the accounts of two departing Financial Consultants, Phil Tucker and Paul Roach, to younger, male Financial Consultants with no more qualifications than me.

Morgan Stanley also discriminated against me based on gender and age by denying me training opportunities and desirable office assignments.  At the same time, it provided training and desirable office assignments to similarly-situated younger male Financial Consultants.  By discriminating against me with respect to these terms and conditions of my employment, Morgan Stanley diminished the amount of compensation I could have earned.

By denying compensation to me that was made available to similarly-situated younger male Financial Consultants, Morgan Stanley has also denied me promotions within the Company, which are awarded based on a Financial Consultant's level compensation.

4,    <u>Termination</u>:   I believe that I was wrongfully terminated due to the fact that I am female and over age 40.

**IV.    <u>Class Claims</u>**

4.    It is my understanding and belief that Morgan Stanley has engaged in a continuing pattern and practice of discrimination against female Financial Consultants and Financial Consultants over 40 years of age with respect to compensation, business allocation, termination and other terms and conditions of employment in the San Mateo, California office and at other Morgan Stanley Dean Witter facilities.

5.    I would like this charge filed with the EEOC and the California Department of Fair Employment and Housing.  I swear under penalty of perjury that I have read the above charge and that it is true and correct to the best of my knowledge, information and belief.

STATE OF CALIFORNIA - State and Consumer Services Agency

ARNOLD SCHWARZENEGGER, Governor

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING
(SEE ADDRESS CHECKED BELOW)

TTY # (800) 700-2320

☐ **H**
1001 Tower Way, Suite 250
Bakersfield, CA 93309
(661) 395-2729

☐ **C**
1320 E. Shaw Avenue, Suite 150
Fresno, CA 93710
(559) 244-4760

☐ **S/T**
611 West Sixth Street, Suite 1500
Los Angeles, CA 90017
(213) 439-6799

☐ **M**
1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2941

☐ **E**
2000 "O" Street, Suite 120
Sacramento, CA 95814
(916) 445-5523

☐ **D**
1350 Front Street, Suite 3005
San Diego, CA 92101
(619) 645-2681

☒ **A**
San Francisco District Office
1515 Clay Street, Suite 701
Oakland, CA 94612
(510) 622-2973

☐ **G**
111 North Market Street, Suite 810
San Jose, CA 95113
(408) 277-1277

☐ **K**
2101 East Fourth Street, Suite 255-B
Santa Ana, CA 92705
(714) 558-4266

Date:      April 12, 2006

Case Name:      DAISY JAFFE vs. MORGAN STANLEY DEAN WITTER

EEOC No:      370-2006-00197

## NOTICE TO COMPLAINANT AND RESPONDENT

This is to advise you that the above-referenced complaint is being referred to the California Department of Fair Employment and Housing (DFEH) by the U.S. Equal Employment Opportunity Commission (EEOC). The complaint will be filed in accordance with California Government Code section 12960. This notice constitutes service pursuant to Government Code section 12962.

**No response to the DFEH is required by the respondent.**

The EEOC will be responsible for the processing of this complaint. DFEH will not be conducting an investigation into this matter. EEOC should be contacted directly for any discussion of the charge. DFEH is closing its case on the basis of "processing waived to another agency."

### NOTICE TO COMPLAINANT OF RIGHT-TO-SUE

Since DFEH will not be issuing an accusation, this letter is also your right-to-sue notice. According to Government Code section 12965, subdivision (b), you may bring a civil action under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The lawsuit may be filed in a State of California Superior or Justice Court. Government Code section 12965, subdivision (b), provides that such a civil action must be brought within one year from the date of this notice. Pursuant to Government Code section 12965, subdivision (d)(1), this one-year period will be tolled during the pendency of the EEOC's investigation of your complaint. You should consult an attorney to determine with accuracy the date by which a civil action must be filed. This right to file a civil action may be waived in the event a settlement agreement is signed. Questions about the right to file under federal law should be referred to the EEOC.

The DFEH does not retain case records beyond three years after a complaint is filed.

Remember: This Right-To-Sue Notice allows you to file a private lawsuit in State court.

Sincerely,

WANDA J. KIRBY
Chief Deputy Director

EEOC Form 161-B (3/98)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

*Dean*
*witte*

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Ms. Daisy Jaffe<br>3835 Ralston Avenue<br>Hillsboro, CA 94010 | From: | San Francisco District Office - 550<br>350 The Embarcadero<br>Suite 500<br>San Francisco, CA 94105 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 370-2006-00197 | **Thomas P. Magee,<br>Investigator** | **(415) 625-5669** |

*(See also the additional information enclosed with this form.)*

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

☐ More than 180 days have passed since the filing of this charge.

☐ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

☒ The EEOC is terminating its processing of this charge.

☐ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☒ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Michael Baldonado*

JUN 2 2 2006

Enclosure(s)

*for* **H. Joan Ehrlich,**
**District Director**

*(Date Mailed)*

| cc: | Ms. Sonia T. Banerji<br>Law Division<br>MORGAN STANLEY DEAN WITTER<br>101 California Street, 2nd Floor<br>San Francisco, CA 94111 | Ms. Elizabeth A. Alexander<br>Lieff, Cabraser, Heimann & Bernstein, LLP<br>One Nashville Place<br>150 Fourth Avenue, North<br>Suite 1650<br>Nashville, TN 37219-2423 |
|---|---|---|

# EXHIBIT B

| CHARGE OF DISCRIMINATION | AGENCY | CHARGE NUMBER |
|---|---|---|
| This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form. | ☐ MDCR ■ EEOC | 471-2007-00323 |

## MICHIGAN DEPARTMENT OF CIVIL RIGHTS and EEOC
State or local Agency, if any

| NAME (indicate Mr., Ms. or Mrs.) | | HOME TELEPHONE (include area code) |
|---|---|---|
| Ms. Denise Williams | **Received** | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | OCT 10 2006 | DATE OF BIRTH |
|---|---|---|---|
| 4820 Parkgate Place No. 7 | Sylvania, Ohio 43560 | EEOC Detroit District Office | 06/02/53 |

**NAME OF THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** (If more than one, list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (include area code) |
|---|---|---|
| Morgan Stanley DW, Inc. | Cat. D (500+) | (313) 963-8900 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 333 West Fort Street, 17th Floor | Detroit, Michigan 48226 | Wayne |

| CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es)) | DATE DISCRIMINATION TOOK PLACE |
|---|---|
| ■ RACE ☐ COLOR ■ SEX ☐ RELIGION ☐ NATIONAL ORIGIN<br>☐ RETALIATION ☐ AGE ☐ DISABILITY ☐ OTHER (specify) | EARLIEST March 2004 - Present LATEST<br>☐ CONTINUING ACTION |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I.    Overview of Allegations

1.    I am an African American woman. This sex discrimination charge is filed on behalf of myself, Denise Williams, and all others similarly situated. This charge is also filed individually with respect to race discrimination. Like other female employees of Morgan Stanley DW, Inc. (hereafter "MSDW"), I have been harmed by a continuing pattern and practice or policy of sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and the Elliot-Larson Civil Rights Act, M.C.L.A. § 37.2101, et seq. I have also been harmed by a continuing pattern and practice or policy of race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. and the Elliot-Larsen Civil Rights Act, M.C.L.A. § 37.2101, et seq.

II.    Work History

2.    I was hired as a Financial Advisor by MSDW on or about March, 2004, in the Detroit, Michigan office. I am currently employed in that position.

| | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| ■  I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedure. | |
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |
| | SIGNATURE OF COMPLAINANT |
| *10/4/2006*<br>Date    *Denise Williams*<br>Charging Party (signature) | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) |

**CHARGING PARTY COPY**

Denise Williams
Charge of Discrimination

The Particulars Are (continued):

**III.    Claims**

3.    Compensation and Promotions:  I believe that I have been denied compensation made available to similarly-situated male and non-minority Financial Advisors.

MSDW routinely distributed business opportunities, including accounts from other brokers, departing and retiring brokers, referrals, leads, call-ins and walk-ins, and potential clients, to male, non-minority Financial Advisors, rather than to female or minority Financial Advisors.  As a result of the inequitable and discriminatory distribution of accounts and account prospects, female and minority Financial Advisors have diminished income potential and diminished actual income as compared to similarly-situated male and non-minority Financial Advisors.

For example, on or about November 2005, MSDW gave a male, non-minority Financial Advisor with fewer qualifications than I a group of accounts from a senior broker.  Also, since approximately October 2005, Financial Advisors Bill Goldenberg, Pamela Shaw, Lisa Thomas and others have resigned from MSDW.  Lisa Thomas resigned within the last 180 days, in approximately May or June of 2006.  MSDW distributed accounts of greater value from these brokers' books of business to a male, non-minority Financial Advisor who is similarly-situated to me than it distributed to me, and in some cases, gave me no accounts from these departing brokers.  Also, while a similarly situated male, non-minority broker was permitted to enter into a lucrative partnership with a senior broker, I was told that no one wanted to enter a partnership with me.  By discriminating against me with respect to these and other business opportunities and accounts, MSDW diminished my compensation.

I have also been subject to retaliation for complaints of gender and race discrimination I made to my branch office manager, Joe Michalak, starting in the Summer of 2005.  Specifically, I complained to my branch office manager that I was not given the same opportunities for compensation as my male, non-minority colleagues.  I also complained to my branch office manager regarding the hostile environment I have suffered as a result of my race, which included another broker calling a potential African American client "stupid nigger," "stupid idiot" and "worthless fool" in my presence so that I could hear him.  MSDW isolated me after I made these complaints, including excluding me from Company functions.  I was also moved from my office into the bull pen.  Other similarly situated male, non-minority employees were not required to move into the bull pen.

**IV.    Class Claims**

4.    It is my understanding and belief that MSDW has engaged in a continuing pattern and practice of discrimination against female Financial Advisors with respect to compensation, business allocation, and other terms and conditions of employment in the Detroit, Michigan office and at other MSDW facilities.

5.    I would like this charge filed with the EEOC.

6.    The statute of limitations of my claims of gender discrimination pursuant to Title VII of the Civil Rights Act of 1964, , as amended, 42 U.S.C. § 2000e *et seq.*, have been tolled based on the charge pending lawsuit, *Augst-Johnson et al. v. Morgan Stanley DW, Inc.*, Case No. 1:06-cv-01142-RWR, filed on June 22, 2006, in the United States District Court in the District of the District of Columbia and any underlying charges of discrimination filed with the EEOC by the named plaintiffs in that action.

I swear under penalty of perjury that I have read the above charge and that it is true and correct to the best of my knowledge, information and belief.

## AMENDED CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ MDCR ■ EEOC | 471-2007-00323 |

### MICHIGAN DEPARTMENT OF CIVIL RIGHTS and EEOC
*State or local Agency, if any*

NAME (indicate Mr., Ms. or Mrs.)

Ms. Denise Williams

**Received**

**NOV - 2 2006**

EEOC
Detroit District Office

HOME TELEPHONE (include area code)

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 4820 Wickford Green Rd. No. 5 | Sylvania, Ohio 4356 | 06/02/53 |

**NAME OF THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME** (If more than one, list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (include area code) |
|---|---|---|
| Morgan Stanley DW, Inc. | Cat. D (500+) | (313) 963-8900 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 333 West Fort Street, 17th Floor | Detroit, Michigan 48226 | Wayne |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

■ RACE  ☐ COLOR  ■ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN  ☐ RETALIATION  ■ AGE  ☐ DISABILITY  ☐ OTHER (specify)

| DATE DISCRIMINATION TOOK PLACE |  |
|---|---|
| EARLIEST | LATEST |
| March 2004 - Present | |
| ☐ CONTINUING ACTION | |

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

I.  Overview of Allegations

1.  I am an African American woman over the age of 40. This Amended Charge of sex and race discrimination is filed on behalf of myself, Denise Williams, and all others similarly situated. This charge is also filed individually with respect to age discrimination. Like other female and minority employees of Morgan Stanley DW, Inc. (hereafter "MSDW"), I have been harmed by a continuing pattern and practice or policy of sex and race discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* and the Elliot-Larson Civil Rights Act, M.C.L.A. § 37.2101, *et seq.* I also bring this charge individually under he Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, as I have been harmed by a continuing pattern and practice or policy of age discrimination.

II.  Work History

2.  I was hired as a Financial Advisor by MSDW on or about March, 2004, in the Detroit, Michigan office. I am currently employed in that position.

■ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedure.

I declare under penalty of perjury that the foregoing is true and correct.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

| 10/30/06 | *Denise Williams* |
|---|---|
| Date | Charging Party (signature) |

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

**CHARGING PARTY COPY**

562064. 2

Denise Williams
Amended Charge of Discrimination

The Particulars Are (continued):

III.    Claims

3.      <u>Compensation and Promotions</u>:  I believe that I have been denied compensation made available to similarly-situated male, non-minority Financial Advisors who are under the age of forty.

MSDW routinely distributed business opportunities, including accounts from other brokers, departing and retiring brokers, referrals, leads, call-ins and walk-ins, and potential clients, to male, non-minority Financial Advisors under the age of forty, rather than to female or minority Financial Advisors or those over age forty. As a result of the inequitable and discriminatory distribution of accounts and account prospects, female and minority Financial Advisors and those over the age of forty have diminished income potential and diminished actual income as compared to similarly-situated male and non-minority Financial Advisors and those Financial Advisors under age forty.

For example, on or about November 2005, MSDW gave a male, non-minority Financial Advisor who is under the age of forty with fewer qualifications than I a group of accounts from a senior broker.  Also, since approximately October 2005, Financial Advisors Bill Goldenberg, Pamela Shaw, Lisa Thomas and others have resigned from MSDW.  Lisa Thomas resigned within the last 180 days, in approximately May or June of 2006. MSDW distributed accounts of greater value from these brokers' books of business to a male, non-minority Financial Advisor under the age of forty who is similarly-situated to me than it distributed to me, and in some cases, gave me no accounts from these departing brokers.  Also, while a similarly situated younger male, non-minority broker was permitted to enter into a lucrative partnership with a senior broker, I was told that no one wanted to enter a partnership with me.  By discriminating against me with respect to these and other business opportunities and accounts, MSDW diminished my compensation.

I have also been subject to retaliation for complaints of gender and race discrimination I made to my branch office manager, Joe Michalak, starting in the Summer of 2005. Specifically, I complained to my branch office manager that I was not given the same opportunities for compensation as my male, non-minority colleagues.  I also complained to my branch office manager regarding the hostile environment I have suffered as a result of my race, which included another broker calling a potential African American client "stupid nigger," "stupid idiot" and "worthless fool" in my presence so that I could hear him.  MSDW isolated me after I made these complaints, including excluding me from Company functions.  I was also moved from my office into the bull pen.  Other similarly situated male, non-minority employees were not required to move into the bull pen.

IV.    <u>Class Claims</u>

4.      It is my understanding and belief that MSDW has engaged in a continuing pattern and practice of discrimination against female and minority Financial Advisors with respect to compensation, business allocation, and other terms and conditions of employment in the Detroit, Michigan office and at other MSDW facilities.

5.      I would like this charge filed with the EEOC.

6.      The statute of limitations of my claims of gender discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, have been tolled based on the charge pending lawsuit, *Augst-Johnson et al. v. Morgan Stanley DW, Inc.*, Case No. 1:06-cv-01142-RWR, filed on June 22, 2006, in the United States District Court in the District of the District of Columbia and any underlying charges of discrimination filed with the EEOC by the named plaintiffs in that action.

562064. 2

I swear under penalty of perjury that I have read the above charge and that it is true and correct to the best of my knowledge, information and belief.

EEOC Form 161-B (10/96)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

To: Denise Williams
4820 Wickford Green Rd., No. 5
Sylvania, OH 43560

From: Equal Employment Opportunity Commission
Detroit District Office
Patrick V. McNamara Building; Room 865
477 Michigan Avenue
Detroit, MI 48226-9704

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 471-2007-00323 | Spyridon E. Mellos, Investigator | (313) 226-4629 |

*(See also the additional information attached to this form.)*

### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ ] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
Danny G. Harter, District Director

12/05/06
*(Date Mailed)*

Enclosure(s)
Ms. Cathy Grosso
Director, Morgan Stanley DW, Inc.
Harborside Financial Center
Plaza Two, 3rd Floor
Jersey City, NJ 07311

Elizabeth A. Alexander
Lieff, Gabraser, Heinmann & Bernstien, LLP
One Nashville Place
150 Fourth Avenue, North, Ste 1650
Nashville, TN 37219-2423

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS --**    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),**
**or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you *receive* this Notice**. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed).

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: backpay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/96 to 12/1/96, you should file suit before 7/1/98 -- *not* 12/1/98 -- in order to recover unpaid wages due for July 1996. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice *and* within the 2- or 3-year EPA backpay recovery period.

**ATTORNEY REPRESENTATION -- Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

THIS NOTIFICATION IS ISSUED UNDER THE AUTHORITY OF ACTS 220 & 453, PA OF 1976 AS AMENDED

**STATE OF MICHIGAN**

**DEPARTMENT OF CIVIL RIGHTS**

CADILLAC PLACE, SUITE 3-600
3054 WEST GRAND BOULEVARD
DETROIT, MI, 48202

## NOTICE OF DISPOSITION AND ORDER OF DISMISSAL

| EEOC #: 471-2007-00323C | MDCR #: 367100 |
|---|---|
| Claimant: | Respondent: |
| Denise Williams | Morgan Stanley Dean Witter |
| 4820 Wickford Green Rd | 100 W Big Beaver |
| # 5 | Suite 500 |
| Sylvania, OH 43560 | Troy, MI 48084 |

**REASON FOR DISMISSAL:**

This complaint, jointly filed with the United States Equal Employment Opportunity Commission (EEOC) and the Michigan Department of Civil Rights, alleges the respondent discriminated against the claimant in violation of the Elliott-Larsen Civil Rights Act and/or the Persons with Disabilities Civil Rights Act.

The EEOC assumed jurisdiction to investigate this jointly filed complaint and has closed its case. The MDCR has accepted the finding of the EEOC.

It is therefore ordered that this complaint be dismissed.

| Date Dismissed : December 21, 2006 | Date Mailed : December 27, 2006 |
|---|---|

/s/ Warren Bonam/ Director, Civil Rights Operations

### RULES OF CIVIL RIGHTS COMMISSION AND DEPARTMENT RELATING TO RECONSIDERATION AND APPEAL

**Rule 7.(1)** A claimant may request of the department a reconsideration of its refusal to issue a charge. The request shall be in writing, state specifically, the grounds upon which it is based, and be filed within 30 days after the date of mailing of the notice of disposition of which reconsideration is requested. It shall be filed at any office of the department by personal delivery or by mail.

**(2)** The department may authorize a hearing on the request for reconsideration at such time and place, and before such hearing commissioner or commissioners or hearing referee or referees as it or the director may determine, and notice thereof shall be given to all parties to the proceedings.

**Rule 13.** Any party claiming to be aggrieved by a final order of the commission or the department, including without limitation a refusal to issue a charge, may appeal to the circuit court of the State of Michigan having jurisdiction provided by law within 30 days of the date of service of an appealable order.