James M. Finberg (SBN 114850)
Eve H. Cervantez (SBN 164709)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA  94108
Telephone:  (415) 421-7151
Facsimile:   (415) 362-8064
Email: jfinberg@altshulerberzon.com
Email: ecervantez@altshulerberzon.com

Kelly M. Dermody (SBN 171716)
Heather H. Wong (SBN 238546)
LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA  94111-3339
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008
Email: kdermody@lchb.com
Email: hwong@lchb.com

Adam T. Klein (pro hac vice)
Piper Hoffman (pro hac vice)
Justin Schwartz (pro hac vice)
OUTTEN & GOLDEN LLP
3 Park Avenue, 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005
Email: atk@outtengolden.com
Email: ph@outtengolden.com
Email: jms@outtengolden.com

*Attorneys for the Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| DAISY JAFFE, DENISE WILLIAMS, and MARGARET BENAY CURTIS-BAUER, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MORGAN STANLEY DW, INC.,<br><br>Defendant. | Case No. C 06-3903 TEH<br><br>CLASS ACTION<br><br>**DECLARATION OF HEATHER H. WONG IN FURTHER SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

737893.1

- 1 -

DECLARATION OF HEATHER H. WONG
CASE NO. C 06 3903 TEH

I, Heather H. Wong, declare:

1.    I am an associate in the firm of Lieff, Cabraser, Heimann & Bernstein, LLP, co-counsel for the Plaintiffs in the above-captioned proposed class action.  I make these statements based on personal knowledge and would so testify if called as a witness at trial.

2.    This Declaration is submitted in further support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.

3.    As a regular part of my work, I take calls and follow up on webmails from potential class members who are inquiring about the discrimination lawsuit against Morgan Stanley.

4.    On July 30, 2007 at 7:13 pm, I called a former Morgan Stanley employee in response to a webmail sent to our firm.  In the course of our conversation, I was informed that there was another employee with whom I should speak to corroborate the former employee's description of employment at Morgan Stanley: Mary Evans.  The former employee provided me with Ms. Evans's name and phone number, and gave me permission to tell Ms. Evans that I got her contact information from the former employee.

5.    At 7:42 pm that same day, I called Ms. Evans on her cell phone at the number that had been provided to me.  Ms. Evans answered, but said she was at bible study and would call me back after 8:30 pm.

6.    At 8:47 pm that same day, I got a call from Ms. Evans but was unable to take the call.  Ms. Evans left a message that she was returning my call.

7.    At 9:19 pm on that same day, I called Ms. Evans back on her cell phone.  I told Ms. Evans that I got her name from a former employee and that the former employee had said that I should call her about her experiences with race discrimination at Morgan Stanley.  Ms. Evans told me that she could not talk to me because she was bound by a confidentiality agreement and her attorneys were in the process of negotiating a settlement.  As soon as I discovered that she was already represented, I immediately ended the call.  The whole conversation did not last more than a few minutes.

8.    The above is based on my hand-written notes with times of calls, which I kept

737893.1

- 2 -

contemporaneously as I made/received phone calls, the emails that I sent to myself and to a partner at my firm following the phone calls, and a memorandum that I prepared shortly after the call.

9.      On October 25, 2007 at 6:31 pm, I called Marshell Miller in response to his inquiry to our firm about the Morgan Stanley case.  Mr. Miller did not answer his phone, so I left him a message. Over the course of the next five days, Mr. Miller and I exchanged four voicemail messages.

10.      I was finally able to reach Mr. Miller on October 30, 2007 at 6:18 pm.  I asked him if he was aware of the race discrimination settlement with Morgan Stanley, and he informed me that he did not know much about the case because he had only started about a year ago.  I told him that I would send him a copy of the Second Amended Complaint, which set forth the claims in the case, as well as the settlement agreement that had been signed by the parties.  I emailed these documents to Mr. Miller at 6:36 pm.

11.      On November 8, 2007 at 2:00 pm, I called Mr. Miller to follow up on the documents that I had sent him and to ask him if he'd had a chance to review them because we were collecting letters from potential class members who supported the settlement.  He informed me that he hadn't finished going through the documents yet.  I asked him if he had any questions about the case or the settlement so far.  The only issue he raised was a fear about retaliation for participating in the settlement approval process, which we discussed.  When we finished discussing his questions, I advised him that he could submit a letter in support of the settlement if he wanted to encourage the Court to approve it.  I gave him an example of the content of the letters that we were collecting, but advised him that he could not submit the letter if he did not know what he was supporting.  I asked him to finish reviewing the documents and call me when he was done so that I could talk to him about any questions or concerns he might have.  He stated that he would try to finish reviewing the documents that night and would call me back the next day.

12.      On November 9, 2007, I received the Objections of Putative Class Members to Motion for Class Certification & Preliminary Approval (Dkt. No. 95).  Mr. Miller's declaration

- 3 -

DECLARATION OF HEATHER H. WONG
CASE NO. C 06 3903 TEH

(Dkt. No. 95-9), which was dated November 8, 2007, was submitted as an exhibit to that filing.

13.    At no point during any of my conversations with Mr. Miller did I ask him to be a named plaintiff or a class representative, as a settlement had already been reached in this case.

14.    Attached hereto as Exhibits A-J are true and correct copies of letters of support that we have received from potential class members who have been provided a copy of the settlement agreement; informed that the attorneys' fees and costs, named plaintiff service award, and non-class claims award would be paid from the $16 million settlement amount; and support the settlement.

I declare, under penalty of perjury, under the laws of the State of California that the foregoing is true and correct. Executed this 19 day of November, 2007 at San Francisco, California.

HEATHER H. WONG