IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAISY JAFFE, et al.,

            Plaintiffs,

      v.

MORGAN STANLEY & CO., INC.,

            Defendant.

NO. C 06-3903 TEH

ORDER VACATING HEARING
DATE AND DENYING DENISE
WILLIAMS' MOTION FOR
LEAVE TO FILE INDIVIDUAL
COMPLAINT AND TO
TRANSFER TO THE EASTERN
DISTRICT OF MICHIGAN

        The Court has reviewed Denise Williams' Motion for Leave to File an Individual

Complaint and Transfer the Complaint to the Eastern District of Michigan, along with

Defendant Morgan Stanley's Opposition to the Motion.   Ms. Williams did not timely file a

Reply.  The Court has determined this matter is appropriate for resolution without oral

argument.  The hearing on the motion, currently set for June 9, 2008 is hereby VACATED,

and Williams' ex parte motion to change the hearing date is DENIED.  The Motion for Leave

to File Individual Complaint is DENIED.

**FACTUAL BACKGROUND**

        This is an ongoing employment discrimination class action against Defendant Morgan

Stanley.  Denise Williams, an African-American financial advisor at Morgan Stanley,

became a named plaintiff in this action in 2006.  In the Amended Complaint, filed October

12, 2006, Williams asserted class gender discrimination claims under federal and Michigan

law, and individual race discrimination claims under Title VII, 42 U.S.C. § 1981, and

Michigan law.   The parties stipulated to dismissal of her Title VII claims until she obtained a

right-to-sue letter from the EEOC, and then stayed her remaining claims to coincide with the

Court-imposed stay of the class gender claims during mediation of class gender claims

United States District Court

For the Northern District of California

1  against Morgan Stanley in *Augst-Johnson v. Morgan Stanley*, United States District Court for

2  the District of Columbia Case No. 06-01142 RWR.

3      In January, 2007, after Williams received her right-to-sue letter, she informed Morgan

4  Stanley of her intent to amend the complaint to add class-wide race discrimination claims.

5  The parties entered into a tolling agreement so that they could explore settlement of the race

6  discrimination claims, effective January 23, 2007, which provided that as of that date,

7      the running of any unexpired statute of limitations applicable to the individual and
       class claims for race discrimination arising from Williams' employment... shall be

8      tolled indefinitely, until the expiration of this Agreement.   ... this Agreement will not
       have the effect of reviving any claims that were already time-barred as of the

9      Effective Date of this Agreement.

10  Declaration of Mark S. Dichter in Support of Defendant's Response to Objections of Putative

11  Class Members to Motion for Class Certification and Preliminary Approval, filed November

12  19, 2007, Exh. A.

13      In approximately August, 2007, a settlement was reached on the race claims, and on

14  August 17, 2007, the parties filed both a Second Amended Complaint alleging class race

15  claims and a settlement agreement with the Court.   As Ms. Williams explains in a

16  declaration in support of class members' objections to the settlement, filed April 28, 2008,

17  she felt the settlement agreement was inadequate and that she could not adequately represent

18  a class of Latino plaintiffs.  While the parties were preparing for preliminary approval of the

19  settlement, she informed plaintiffs' counsel that she would opt out.

20      Accordingly, Williams and Morgan Stanley entered into a second Tolling Agreement

21  on October 30, 2007, which provided that, as of the effective date of the agreement, the

22  parties would "suspend all actions related to Williams' individual claims of race and age

23  discrimination, known and unknown."  The parties further agreed:

24      ... that all applicable statutes of limitations for Williams' individual race and age
       discrimination claims shall be tolled for forty-five (45) days from the postmark date of

25      Williams' notification that she elects to opt out of the monetary portion of the
       Settlement. ... Thereafter, Williams may dismiss her claims alleged in the Northern

26      District of California without prejudice, and refile individual claims of race and age
       discrimination in another judicial district in New York or Michigan.

27
28  Williams' Motion for Leave To File Individual Complaint ("Motion"), Exh. B.

Williams sent her opt-out notice on March 20, 2008.  The opt-out notice provides that "I understand that, by this request to be excluded from the monetary settlement of the case, I am foregoing all monetary benefits from this settlement ... I understand that I may bring a separate legal action seeking damages, but might receive nothing or less" than she would have received in the *Jaffe* class monetary settlement procedure.  Declaration of Mark Dichter in Opposition to Williams' Motion for Leave To File Individual Complaint, Exh. 2.

On May 2, 2008 (forty three days after the opt-out notice), instead of dismissing her claims in this Court and refiling in Michigan (where she lives) or New York, Ms. Williams filed a bare-bones Motion for Leave to File Individual Complaint and to Transfer Complaint to the Eastern District of Michigan.  The individual Complaint, attached as Exh. A to the Motion, adds nine previously unnamed individual defendants and ten new causes of action under federal and state law.[1]

In her Motion, Williams explains that she fears Morgan Stanley may raise a statute of limitations defense if she simply dismisses her claims in this case and re-files in Michigan, because she has "not received confirmation that Defendant will consider her claims as filed and preserved from the time she filed a charge of discrimination and was added to this lawsuit."  Motion at 2.   Presumably, Ms. Williams hopes to argue that the amendment will relate back to the date of her original complaint under Fed. R. Civ. Pro. 15(c), and thereby avoid a statute of limitations defense.

Morgan Stanley opposes the motion.[2]

//

---

[1]   Although the Second Amended Complaint alleged that Williams suffered retaliation, it had no separate retaliation causes of action; Williams's individual complaint adds claims for retaliation under Title VII, 42 U.S.C. § 1981, and Michigan law.  (Counts, IV, V, and VII).  The individual complaint also adds claims for racial steering of clients in violation of 42 U.S.C. § 1981 (Count III), and breach of contract, promissory estoppel, breach of implied contract and unjust enrichment, fraud in the inducement, tortious interference with business relationships, and intentional infliction of emotional distress. (Counts VIII-XIII).

[2]   Plaintiffs do not oppose the motion.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    **DISCUSSION**

2         There are multiple reasons why the Court will not permit Williams to file her

3    individual Complaint in this Court and then request transfer to Michigan.

4         First, it appears that this Court has no personal jurisdiction over the newly-named

5    individual defendants.  Williams' Complaint asserts various common law causes of action,

6    claims under 42 U.S.C. § 1981, and claims under the Michigan Elliott-Larsen Civil Rights

7    Act against nine individual defendants who are Morgan Stanley executives, managers, or

8    financial advisors.

9         The Ninth Circuit recently reiterated that for a district court to have personal

10   jurisdiction over a defendant, the defendant must have certain "minimum contacts" with the

11   forum:

12              Where, as here, there is no applicable federal statute governing personal
                jurisdiction, the district court applies the law of the state in which the district court
13              sits. See Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316,
                1320 (9th Cir.1998). Because California's long-arm jurisdictional statute is
14              coextensive with federal due process requirements, the jurisdictional analyses under
                state law and federal due process are the same. *See Panavision*, 141 F.3d at 1320
15              (citing Cal.Civ.Proc.Code § 410.10). For a court to exercise personal jurisdiction over
                a nonresident defendant, that defendant must have at least "minimum contacts" with
16              the relevant forum such that the exercise of jurisdiction "does not offend traditional
                notions of fair play and substantial justice." *International Shoe Co. v. Washington*,
17              326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted).

18   *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800-801 (9th Cir. 2004).

19        There are no factual allegations in the Complaint tying the individual defendants to

20   the Northern District of California.  Because Williams did not file a Reply that suggests any

21   ties to this District, the Court will assume it has no personal  jurisdiction over the majority of

22   the named defendants.

23        Second, this Court is not the proper venue for Williams's individual Title VII claims.

24   Venue in Title VII actions is governed by Title VII's venue provision, 42 U.S.C. § 2000e-

25   5(f)(e).  *Johnson v. Payless Drug Stores Northwest, Inc.,*  950 F.2d 586, 587 (9th Cir. 1991).

26   That provision authorizes Title VII suits

27        •    "in any judicial district in the State in which the unlawful employment practice is
                alleged to have been committed" – here, in Livonia, Michigan. *See* proposed
28              Complaint ¶ 8, 9.

4

**United States District Court**
For the Northern District of California

• "in the judicial district in which the employment records relevant to such practice are maintained and administered."  There are no allegations in the Complaint about the relevant employment records are maintained, but the Complaint alleges that Williams worked in Michigan, and Morgan Stanley is a Delaware corporation headquartered in New York.

• "in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice."  The Complaint makes no allegations that Williams would have worked in California but for the alleged unlawful practices.

Alternately, "if the respondent is not found within any such district," plaintiff may bring suit "within the judicial district in which the respondent has his principal office" – in this case, New York.  *Id.*   In sum, while venue might be proper in Michigan or New York, it is not proper here.

Third, the tolling agreement that Ms. Williams signed requires her to dismiss her individual claims and file a new lawsuit in Michigan or New York, and there is no reason to allow her to circumvent that agreement to manipulate applicable statutes of limitation. Ordinarily, after opting out of a class action settlement, a plaintiff has a right to 1) pursue their individual claims against the defendant in the same case, or 2) file a new action before the statute of limitations runs.  *Martens v. Smith Barney*, 191 F.R.D. 54, 55 (S.D.N.Y. 2000). The statute of limitations is tolled for class claims until the plaintiff opts out.   *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 350-52 (1983)(commencement of a class action suspends the applicable statute of limitations for all members of the putative class until plaintiff elects to opt out and to file individual claims); *Bonilla v. Las Vegas Cigar Co.,* 61 F.Supp.2d 1129, 1135 (D.Nev. 1999).

The standstill agreement that Williams signed with Morgan Stanley tolled not only her individual race claims, but any "age discrimination" claims she might have as well. Motion Exh. B.  The agreement made no mention of other claims.  As Morgan Stanley points out, nothing in the agreement prevents Morgan Stanley from asserting statute of limitations defenses to other claims, and there is no reason Williams should be entitled to "assurances" that Morgan Stanley will not do so.   Nor is there anything in the Agreement between Williams and Morgan Stanley that relates to the ability of the previously unnamed individual defendants to assert limitations defenses.

5

United States District Court

For the Northern District of California

1    Moreover, the agreement explicitly required Williams to "dismiss her claims alleged

2    in the Northern District of California without prejudice, and refile individual claims of race

3    and age discrimination in another judicial district in New York or Michigan." *Id.*   Williams

4    has not explained why she should be allowed to ignore the language of the tolling agreement,

5    or allow procedural maneuvering to extend its terms to other claims or defendants.

6    Finally, the Court will deny the Motion because it appears that Ms. Williams seeks to

7    amend in bad faith.  *See Foman v. Davis,* 371 U.S. 178, 182 (1962)(leave to amend under

8    Fed. R. Civ. Pro. 15(a) should be freely given unless there is some apparent reason not to,

9    such as undue delay, bad faith or dilatory motive, or prejudice to the opposing party);

10   *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987)(bad faith motive is a proper

11   ground for denying leave to amend).  Here, she is trying to file in a forum where it appears

12   plain that the individual defendants are not subject to personal jurisdiction and venue is

13   improper.  She explicitly states that she has no intention of prosecuting her claims in this

14   forum, and presumably seeks to file in this Court solely to circumvent the actual terms of her

15   standstill agreement and to have her amendments relate back and toll the statutes of

16   limitation.[3]  Her failure to Reply does nothing to dispel the appearance of bad faith.

17   //

18   //

19

20   **CONCLUSION**

21   Ms. Williams apparently wants the advantages of the tolling agreement, but doesn't

22   want to be held to its terms.  The Court will not be a party to this procedural

23   ─────────────────────

24   [3] Many courts have refused to toll the statute of limitations when the plaintiff filed in the wrong district, knowing there was serious doubt about jurisdiction. *See, e.g., Biby v. Kansas City Life Insurance Co.*, 629 F.2d 1289, 1294 (8th Cir. 1980)(no tolling where there was doubt about

25   jurisdiction over defendants; "[s]ome measure of good faith expectation of proceeding in the court in which the complaint is filed is essential to tolling the statutes of limitations");  *Griffin v. Dana Point*

26   *Condominium Ass'n* 765 F.Supp. 498, 502 (N.D.Ill. 1991)("palpably untenable" filing in jurisdiction where suit was "doomed to fail" does not toll statute of limitations); *see also Crown,*

27   *Cork & Seal*, 462 U.S. at 354 (Powell, J., concurring)("[t]he tolling rule of American Pipe is a generous one, inviting abuse[,]" and it "should not be read ... as leaving a plaintiff free to raise

28   different or peripheral claims following denial of class status").

6

1    maneuvering.   The Motion for Leave to File the complaint is DENIED.

2

3    **IT IS SO ORDERED.**

4

5     Dated: June 2, 2008

                                          _____
6                                         THELTON E. HENDERSON, JUDGE
                                          UNITED STATES DISTRICT COURT

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California