IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAISY JAFFE, et al.,

                Plaintiffs,

v.

MORGAN STANLEY & CO., INC.,

                Defendant.

NO. C 06-3903 TEH

ORDER GRANTING PLAINTIFF DENISE WILLIAMS' MOTION TO TRANSFER CLAIMS AGAINST MORGAN STANLEY TO THE EASTERN DISTRICT OF MICHIGAN, VACATING HEARING, AND DENYING LEAVE TO FILE SUR-REPLY

      The Court has reviewed Plaintiff Denise Williams' Motion to Transfer Existing Pending Individual Claims Against Morgan Stanley to the Eastern District of Michigan, Morgan Stanley's Response thereto, and Plaintiff's Reply. The Court has determined this matter is appropriate for resolution without oral argument. The hearing on the motion, currently set for July 21, 2008 is hereby VACATED. The Motion to Transfer is GRANTED.

      The relevant factual and procedural background is set out in this Court's June 2, 2008 Order denying Plaintiff's motion to amend and then transfer her complaint, and will not be repeated in full here. In short, Plaintiff felt that the settlement reached between the Plaintiffs and Morgan Stanley in approximately August, 2007 was inadequate, and while the parties were preparing for preliminary approval of the settlement, she informed class counsel that she planned to opt out of the class. Class counsel negotiated a tolling agreement with Morgan Stanley which Plaintiff entered into on October 30, 2007. The tolling agreement provided that, as of the effective date of the agreement, the parties would "suspend all actions related to Williams' individual claims of race and age discrimination, known and unknown." The parties further agreed:

> ... that all applicable statutes of limitations for Williams' individual race and age discrimination claims shall be tolled for forty-five (45) days from the postmark date of

>Williams' notification that she elects to opt out of the monetary portion of the Settlement. ... Thereafter, Williams may dismiss her claims alleged in the Northern District of California without prejudice, and refile individual claims of race and age discrimination in another judicial district in New York or Michigan.

Plaintiff's new counsel, Stowell & Friedman, sought to clarify whether the tolling agreement meant that Morgan Stanley agreed not to raise statute of limitations defenses if Plaintiff dismissed and refiled in Michigan. Morgan Stanley did not respond. *See* Declaration of Linda D. Friedman In Support of Motion to Transfer ¶¶ 6-7, 9.

On June 6, 2008, Plaintiff filed an individual Complaint in the Eastern District of Michigan. Complaint, United States District Court for the Eastern District of Michigan Case No. 2:08-cv-12435-PJD-VMM ("Michigan Complaint").

Plaintiff also moves to transfer her existing individual suit before this Court to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a).

**DISCUSSION**

Title 28 U.S.C. §1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil matter to any other district or division where it might have been brought." The moving party bears the burden of showing that transfer will serve those purposes. *Commodity Futures Trading Commission v. Savage*, 611 F.2d 270, 279 (1979). To exercise its discretion under § 1404(a), this Court should make an "individualized, case-by-case consideration of convenience and fairness." *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)(citation omitted). It should look to the convenience of the parties, the convenience of the witnesses, and the interests of justice to make its decision. *Florens Container v. Cho Yang Shipping*, 245 F.Supp.2d 1086, 1088 (N.D.Cal. 2002), *citing Kasey v. Molybdenum Corp.*, 408 F.2d 16, 20 (9th Cir. 1969).

There are multiple reasons to transfer the case to Michigan. First, Plaintiff and likely all the witnesses to her individual claims live in Michigan. *See* Second Amended Complaint ¶¶ 14 (Williams employed as Financial Advisor in Detroit from March 2004-present), 42-29

(Williams factual allegations).  Second, at this point, the proper venue for Plaintiff's Title VII claims is in Michigan, not in this Court.[1]

Third, ample authority holds that transfer is in the interests of justice if the plaintiff would be unable to refile her cause of action in another district because it is time-barred.  In such cases,

> "'the interest of justice' requires that the cause be transferred" rather than dismissed. *Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 430 n. 7 (1965); *see also Roberson v. Norwegian Cruise Line*, 897 F.Supp. 1285, 1289 (C.D.Cal.1995) ("Since plaintiff may have a statute of limitations problem if this action is dismissed, the 'interests of justice,' 28 U.S.C. 1406(a), dictate that the case be transferred ...."); *Nutracea v. Langley Park Investments,* 2007 WL 135699 *1 (E.D.Cal. Jan.16, 2007).

*Bereola v. Holland America Line, Inc.,* 2008 WL 149131, *2 (N.D.Cal. January 14, 2008); *see also Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)(possibility that plaintiff's case will be time-barred if it is dismissed is a compelling reason to transfer under 28 U.S.C. § 1631).  If Plaintiff were to dismiss her claims and refile in Michigan, Morgan Stanley may argue those claims are time-barred.

Morgan Stanley contends that Plaintiff should be held to the terms of the Second Tolling Agreement which require her to dismiss her claims and refile in Michigan or New York.  It argues that the tolling agreement is, in essence, a forum selection clause which the Court should enforce.  *See Stewart Org., Inc.*, 487 U.S. at 29 (forum selection clause should be a "significant factor that figures centrally in the district court's calculus" of whether to transfer under § 1404(a));  *Flake v. Medline Industries, Inc.,* 882 F.Supp. 947, 950 (E.D.Cal. 1995)(strong presumption in favor of forum selection clauses).  But the dismiss-and-refile agreement is not a forum selection clause.  Both parties agree that the Eastern District of Michigan is a proper forum.   They disagree about what procedural mechanism the Plaintiff is entitled to use to get her case to Michigan.   The agreement does not strip the Court of its

---

[1] Venue in Title VII actions is governed by Title VII's venue provision, 42 U.S.C. § 2000e-5(f)(e). *Johnson v. Payless Drug Stores Northwest, Inc.,*  950 F.2d 586, 587 (9th Cir. 1991). *See discussion* in Order, filed June 2, 2008, at 4-5.

3

authority to transfer Plaintiff's claims under § 1404(a).[2] The factors cited above weigh heavily in favor of transfer. Morgan Stanley is free to argue in the Michigan court that Plaintiff is not entitled to the benefits of the tolling agreement because her case was transferred rather than dismissed and refiled. Accordingly, the Court GRANTS the motion to transfer under 28 U.S.C. § 1404(a).[3] In so doing, the Court makes no determination about the effect of the tolling agreement or the transfer on the timeliness of Plaintiff's claims.

**IT IS SO ORDERED.**

Dated: July 16, 2008

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

---

[2] Even if it were a forum selection clause, such clauses are not dispositive of motions to transfer. *See Stewart Org, Inc.*, 487 U.S. at 30-31.

[3] Morgan Stanley argues the Court should analyze the motion under 28 U.S.C. § 1406(a), which governs transfer of actions where venue is improper. But venue was proper in this Court when Ms. Williams was added as a plaintiff to Plaintiff Jaffe's putative class action, and this Court's analysis would be the same under either § 1404(a) or 1406(a). The parties' dispute over whether Morgan Stanley has waived any objection to venue is therefore irrelevant to the Court's analysis, and the Court DENIES as moot Morgan Stanley's motion for leave to file a Sur-Reply on this issue.

4