United States District Court
For the Northern District of California

1    IN THE UNITED STATES DISTRICT COURT

2    FOR THE NORTHERN DISTRICT OF CALIFORNIA

3

4

5    MARGARET BENAY CURTIS-
     BAUER,
6                                              NO. C06-3903 TEH
                        Plaintiff,
7                                              ORDER GRANTING ARTHUR
            v.                                 VILLANUEVA'S MOTION TO
8                                              FILE A LATE CLAIM
     MORGAN STANLEY & CO.,
9
                        Defendant.
10

11

12          Currently before the Court is a motion filed by Arthur Villanueva requesting leave to

13   file a late claim in this class action.  Villanueva seeks full payment of his claim, but only to

14   the extent that any sums remain in the settlement fund after all timely claims have been paid

15   and administrative costs deducted.  Having reviewed the parties' filings, and with good cause

16   appearing, the Court GRANTS Villanueva's motion for the reasons set forth below.

17          The Court granted preliminary approval of the Class Action Settlement in this case on

18   February 7, 2008, and final approval on October 22, 2008.[1]  The Settlement Agreement

19   provided that, to be eligible for an award from the settlement fund, a class member "must

20   submit a Claim Form which must be postmarked or actually received by the date established

21   by the Court, unless good cause exists for a late Claim Form submission (which in no event

22   may be submitted after claims are paid from the Settlement Fund)."  Settlement Agreement at

23   37 (Docket No. 250).  The preliminary approval order established May 23, 2008, as the

24   postmark deadline.  Preliminary Approval Order at 23 (Docket No. 158).  With respect to

25   late claims, the order specified that "[f]ailure to postmark a complete Claim Form by the

26

27          [1]An order approving a Modified Settlement Agreement was entered on September 7,
     2011. The Modified Settlement Agreement did not alter the relevant terms of the initial
28   Settlement Agreement. *See* Modified Settlement Agreement at 39 (Docket No. 281).

1   Claim Filing Deadline shall bar the Settlement Class member from receiving any monetary

2   award pursuant to the proposed Settlement Agreement" absent a showing of good cause. *Id*.

3          Villanueva completed the claim form and placed it in a mail chute in his office

4   building on May 20, 2008.  Had the form been postmarked on that day, it would have been

5   timely.  However, the form was not postmarked until June 16, 2008, over three weeks after

6   the postmark deadline.

7          Villanueva first learned that his claim form had a late postmark in November 2010,

8   when he called the Special Master to inquire about the status of his claim.  The Special

9   Master subsequently sent Villanueva an official notice stating that his claim was untimely

10  and inviting him to submit an explanation of why his claim form was postmarked after the

11  deadline.  Upon discussing this matter with his co-workers, Villanueva learned that letters

12  frequently got stuck in the mail chute in his office building.  Villanueva sent a letter to the

13  Special Master explaining that he deposited the claim form in the mail chute in his office

14  building on May 20, 2008, and stating that he did not know why it was not postmarked until

15  June 16, 2008.  The Special Master determined that Villanueva had not established good

16  cause for missing the postmark deadline.

17         Villanueva now petitions the Court for leave to file a late claim.  In support of his

18  request, he has submitted his own declaration and declarations from two coworkers, one of

19  whom is his wife.  Class Counsel opposes Villanueva's request.  Defendants have not filed

20  an opposition or a statement of non-opposition.

21         Upon careful consideration, the Court finds the declarations submitted by Villanueva

22  to be credible, particularly in the absence of any contrary evidence.  Based on these

23  declarations, the Court finds that Villanueva filled out and signed the claim form and

24  deposited it for mailing on May 20, 2008 – three days prior to the postmark deadline.  Class

25  Counsel correctly observe that Villanueva presents no direct evidence that the form got stuck

26  in the mail chute, but it is unclear what form such evidence would take.  The declarations

27  submitted by Villanueva are sufficient to establish that the claim form received a late

28  postmark through no fault of Villanueva's.

**United States District Court**
For the Northern District of California

2

United States District Court

For the Northern District of California

1    Class Counsel argues that permitting Villanueva to file a claim would be unfair to the

2    Class Members whose claims were denied as untimely, and in particular the other four Class

3    Members whose explanations for missing the postmark deadline were rejected by the Special

4    Master.  The Court's decision whether to permit Villanueva to file a late claim has no bearing

5    on the claims of individuals who have not petitioned the Court for permission to file a late

6    claim.  But it would be unfair to Villanueva to reject his meritorious petition on the basis that

7    others with potentially meritorious arguments have not presented those arguments to the

8    Court.

9    Class Counsel also points out that the process of distributing the Settlement Fund has

10   already begun, and if all qualified claimants submit their releases and cash their claim

11   checks, no funds will remain.  However, Villanueva requests that his claim be paid from any

12   money remaining in the settlement fund after all timely postmarked claims have been paid,

13   and he understands that he will receive nothing if no settlement funds are available.  The fact

14   that it is possible that no money ultimately will be available to pay Villanueva is not a valid

15   basis for denying him permission to submit a claim.

16   For the above reasons, the Court finds that Villanueva has established good cause

17   excusing the submission of his claim form after the postmark deadline.  Accordingly, the

18   Court GRANTS Villanueva's motion for permission to file a late claim.  The Special Master

19   shall pay Villanueva the amount to which he is entitled under the Settlement Agreement, if

20   any, but only out of money remaining in the Settlement Fund after the other claimants'

21   claims have been paid.

22   **IT IS SO ORDERED.**

23   Dated:   1/2/2013

24   _____

25   THELTON E. HENDERSON, JUDGE
     UNITED STATES DISTRICT COURT

26

27

28

                                    3