IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARGARET BENAY CURTIS-BAUER,

    Plaintiff,

v.

MORGAN STANLEY & CO.,

    Defendant.

NO. C06-3903 TEH

ORDER GRANTING ARTHUR VILLANUEVA'S MOTION TO FILE A LATE CLAIM

    Currently before the Court is a motion filed by Arthur Villanueva requesting leave to file a late claim in this class action. Villanueva seeks full payment of his claim, but only to the extent that any sums remain in the settlement fund after all timely claims have been paid and administrative costs deducted. Having reviewed the parties' filings, and with good cause appearing, the Court GRANTS Villanueva's motion for the reasons set forth below.

    The Court granted preliminary approval of the Class Action Settlement in this case on February 7, 2008, and final approval on October 22, 2008.[1] The Settlement Agreement provided that, to be eligible for an award from the settlement fund, a class member "must submit a Claim Form which must be postmarked or actually received by the date established by the Court, unless good cause exists for a late Claim Form submission (which in no event may be submitted after claims are paid from the Settlement Fund)." Settlement Agreement at 37 (Docket No. 250). The preliminary approval order established May 23, 2008, as the postmark deadline. Preliminary Approval Order at 23 (Docket No. 158). With respect to late claims, the order specified that "[f]ailure to postmark a complete Claim Form by the

---

[1] An order approving a Modified Settlement Agreement was entered on September 7, 2011. The Modified Settlement Agreement did not alter the relevant terms of the initial Settlement Agreement. *See* Modified Settlement Agreement at 39 (Docket No. 281).

1    Claim Filing Deadline shall bar the Settlement Class member from receiving any monetary
2    award pursuant to the proposed Settlement Agreement" absent a showing of good cause. *Id*.

3         Villanueva completed the claim form and placed it in a mail chute in his office
4    building on May 20, 2008. Had the form been postmarked on that day, it would have been
5    timely. However, the form was not postmarked until June 16, 2008, over three weeks after
6    the postmark deadline.

7         Villanueva first learned that his claim form had a late postmark in November 2010,
8    when he called the Special Master to inquire about the status of his claim. The Special
9    Master subsequently sent Villanueva an official notice stating that his claim was untimely
10   and inviting him to submit an explanation of why his claim form was postmarked after the
11   deadline. Upon discussing this matter with his co-workers, Villanueva learned that letters
12   frequently got stuck in the mail chute in his office building. Villanueva sent a letter to the
13   Special Master explaining that he deposited the claim form in the mail chute in his office
14   building on May 20, 2008, and stating that he did not know why it was not postmarked until
15   June 16, 2008. The Special Master determined that Villanueva had not established good
16   cause for missing the postmark deadline.

17        Villanueva now petitions the Court for leave to file a late claim. In support of his
18   request, he has submitted his own declaration and declarations from two coworkers, one of
19   whom is his wife. Class Counsel opposes Villanueva's request. Defendants have not filed
20   an opposition or a statement of non-opposition.

21        Upon careful consideration, the Court finds the declarations submitted by Villanueva
22   to be credible, particularly in the absence of any contrary evidence. Based on these
23   declarations, the Court finds that Villanueva filled out and signed the claim form and
24   deposited it for mailing on May 20, 2008 – three days prior to the postmark deadline. Class
25   Counsel correctly observe that Villanueva presents no direct evidence that the form got stuck
26   in the mail chute, but it is unclear what form such evidence would take. The declarations
27   submitted by Villanueva are sufficient to establish that the claim form received a late
28   postmark through no fault of Villanueva's.

1   Class Counsel argues that permitting Villanueva to file a claim would be unfair to the
2 Class Members whose claims were denied as untimely, and in particular the other four Class
3 Members whose explanations for missing the postmark deadline were rejected by the Special
4 Master. The Court's decision whether to permit Villanueva to file a late claim has no bearing
5 on the claims of individuals who have not petitioned the Court for permission to file a late
6 claim. But it would be unfair to Villanueva to reject his meritorious petition on the basis that
7 others with potentially meritorious arguments have not presented those arguments to the
8 Court.

9   Class Counsel also points out that the process of distributing the Settlement Fund has
10 already begun, and if all qualified claimants submit their releases and cash their claim
11 checks, no funds will remain. However, Villanueva requests that his claim be paid from any
12 money remaining in the settlement fund after all timely postmarked claims have been paid,
13 and he understands that he will receive nothing if no settlement funds are available. The fact
14 that it is possible that no money ultimately will be available to pay Villanueva is not a valid
15 basis for denying him permission to submit a claim.

16   For the above reasons, the Court finds that Villanueva has established good cause
17 excusing the submission of his claim form after the postmark deadline. Accordingly, the
18 Court GRANTS Villanueva's motion for permission to file a late claim. The Special Master
19 shall pay Villanueva the amount to which he is entitled under the Settlement Agreement, if
20 any, but only out of money remaining in the Settlement Fund after the other claimants'
21 claims have been paid.

**IT IS SO ORDERED.**

Dated: 1/2/2013

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

3